GEORGE M. TOWNSEND, *Appellant*, v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellee*.

No. 17,823.

SYLLABUS BY THE COURT.

APPEAL—*Sufficiency of Notice.* Under section 569 of the civil code a notice of appeal which recites that "the plaintiff . . . appeals from the judgment rendered . . . being for . . . one hundred thirty and $^{no}/_{100}$ dollars, costs in said suit," is sufficient to enable the appellant to have reviewed all erroneous orders in the case if otherwise properly reviewable, the object of the section being to simplify appeals by eliminating unnecessary formalities.

Appeal from Phillips district court. Opinion filed April 6, 1912. Motion to strike denied.

*W. A. Barron,* and *Mahin, Mahin & Mahin,* for the appellant.

*W. P. Waggener,* and *J. M. Challiss,* for the appellee.

The opinion of the court was delivered by

WEST, J.: Motion to strike from the abstract certain assignments of error, the point involved being the proper construction of section 569 of the civil code of 1909, relating to appeals. Plaintiff sued to recover for alleged breach of contract and the jury returned a verdict for the defendant on which the court rendered

judgment against the plaintiff for costs, from which plaintiff appeals. The notice is as follows:

"You and each of you will take notice that the plaintiff, George M. Townsend, appeals from the judgment rendered against him in the above entitled cause . . . said judgment being for the sum of one hundred thirty and $^{no}/_{100}$ dollars, costs in said suit."

In the abstract are found thirty-eight assignments of error, covering the submission of special questions, refusal to set aside answers, giving and refusing of various instructions, refusal to set aside a verdict, denial of a new trial, and rulings on various matters of evidence. A motion to strike out all except the eighteenth, which assigns error in the rendition of judgment in favor of the defendant and against the plaintiff, is based upon the proposition that no other matter is sufficiently covered by the notice of appeal, and that the code should be so construed as to require the notice to operate both as a process and a pleading. The portion of section 569 directly involved is as follows:

"Appeals . . . shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court, and if the appeal is taken from only a part of the judgment, or from a particular order or decision, then by stating from what part of the judgment, or from what particular order or decision the appeal is taken."

Section 544 (Gen. Stat. 1901, § 5028) of the former code laid down the proceedings to obtain a reversal, and required a petition setting forth the errors complained of. Section 546 (Gen. Stat. 1901, § 5031) required the plaintiff in error to file with his petition a transcript of the proceedings containing the final judgment or order sought to be reversed, vacated or modified, or the original case-made or a copy thereof. All this is done away with by the present code.

If the appeal be taken from the judgment rendered in the action, the appellee is thereby notified that as the

whole includes the parts the entire case, with all its rulings and orders, is open to review. If, however, the appeal be taken from only a part of a judgment or from some particular order or decision—not the main and final judgment—then it is the duty of the appellant to specify in the notice just what he is complaining of and appealing from. This is the natural meaning of the language of section 569, which we all know was enacted with the view of simplifying appeals and eliminating all unnecessary machinery and formality. Section 576 requires an abstract of so much of the evidence and proceedings as the appellant deems necessary for the consideration of the court, and by rule of this court the abstract must contain a specification of errors, so that when served the appellee is fully advised of what he is expected to meet. Similar simplicity characterizes section 578, which permits the appellee, by merely serving notice on the appellant, at any time before the case is assigned for hearing, and proof thereof, with the clerk, to review any part of the judgment or any order of the trial court.

To construe sections 569 and 578 of the code of 1909 as requiring the equivalent of the former petition and cross-petition in error would be to retain the very complexity which the change in the code was intended to dispense with.

Cases from other states are cited showing various degrees of strictness or liberality regarding provisions more or less similar, but these at most are persuasive and not controlling.

The motion to strike is denied.