No. 27,164.

R. W. PARKS et al., *Appellees*, v. THE CITY OF WICHITA et al., *Appellants*.

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Street Improvements—Benefit Assessments—Arbitrary, Unjust and Discriminatory Levy—Evidence.* The proceedings considered in an action by landowners to enjoin assessments levied on their lots to pay cost of widening a city street, and *held,* a finding by the district court that the assessments were arbitrary, unjust and discriminatory was sustained by the evidence.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed May 7, 1927. Affirmed.

*A. V. Roberts, Vincent F. Hiebsch* and *Carl I. Winsor,* all of Wichita, for the appellants.

*H. W. Hart, Glenn Porter, Enos E. Hook* and *Edward H. Jamison,* all of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by landowners in a benefit district created for improvement of a city street, to enjoin assessment of their property to pay cost of the improvement. Plaintiffs prevailed, and defendants appeal.

The city of Wichita deemed it necessary to widen Douglas avenue between Grove street and Hydraulic avenue. Douglas avenue

was 80 feet in width, and to effect its improvement a strip of land 20 feet wide was taken from the abutting property on the south side of the street. The total damages allowed by the appraisers was $53,400. All of this was assessed to private property in the district, except $4,760. This amount was assessed to the city at large, on the basis of ownership of street intersections and a drainage canal crossing the street. There was evidence from which the court found private property in the district was benefited to some extent by the improvement. But the court found on abundant evidence that the assessment to private property of substantially the whole cost. of the improvement was arbitrary, unjust, and discriminatory.

The statutory method of assessing benefits was not followed. The appraisers conceived that the property, public and private, in the benefit district, should stand the cost of the improvement. They did not assess to the city at large the public benefit, and to private property that benefit alone which was specially conferred by widening the street. (R. S. 26-202.) The result was, the assessment of benefits to private property was manifestly arbitrary, capricious, unreasonable, and wholly unjust. The city concedes that municipal conduct of that character may be enjoined.

An objection is made to the condemnation statute on the constitutional ground that the landowner is given no opportunity to be heard on the question whether his lots shall be included in the benefit district. All that is necessary is that at some stage of the proceedings the landowner shall have opportunity, after notice, to appear and contest assessment of benefits against his property. While the statute is not as explicit as it might be, it was designed to afford, and the court holds it does afford, such opportunity. (R. S. 26-202.)

The judgment of the district court is affirmed.