No. 37,438

R. W. Pease, *Appellee* and *Cross-appellant,* v. J. R. Snyder, William Harry Grimm, Grace E. Grimm, Defendants, and Leila M. Snyder, *Appellant.*

(201 P. 2d 661.)

Opinion filed January 22, 1949.

*C. S. Denison,* of Pittsburg, and *Daniel O. Lardner,* of Fort Scott, were on the briefs for the appellant.

*Walter B. Patterson* and *Howard Hudson,* both of Fort Scott, argued the cause, and *Douglas Hudson* and *Douglas G. Hudson,* both of Fort Scott, were with them on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This is an action in the nature of a creditor's bill. It has not been tried. The principal appeal is from an order overruling a motion of one of the defendants, the wife of the judgment debtor who claimed title to the real estate involved, for judgment on the pleadings. The cross-appeal is by the plaintiff, judgment creditor, from an order overruling his general demurrer to the separate answer of the wife.

The pleadings by the principal parties, the plaintiff, judgment creditor, and the defendants, the judgment debtor, and his wife, were all unverified. They consisted of an amended petition, a separate answer of the wife and plaintiff's reply. The answer included a general demurrer to the amended petition and except as specifically admitted the answer denied each and every allegation of the amended petition. The answer also contained specific denials of

certain facts alleged in the petition. Plaintiff's reply denied each and every allegation contained in the answer which was inconsistent with the allegations of the amended petition.

Two other persons who claimed to have purchased the property from both defendants were made parties to the action. They filed a verified answer setting up their written contract of purchase, alleged they were in actual possession of the real estate, were ready, able and willing to perform the contract, asked that they be permitted to do so and prayed for general equitable relief.

Plaintiff had filed a general demurrer to the answer of the wife which the court overruled. After the issues were joined in the general manner indicated the wife filed a motion for judgment on the pleadings. The court overruled the motion. From that ruling the wife, who contends she had title to the property prior to the sale thereof, has appealed. The counter abstract discloses the trial court concluded, ". . . an issue of fact is raised," and overruled the motion. Is the ruling on that motion appealable? An order overruling or sustaining a demurrer to a pleading is made appealable by statute. (G. S. 1935, 60-3302.) A demurrer admits all facts well pleaded in the petition or answer to which it is directed. Where a motion for judgment on the pleadings is properly construed as a demurrer an order overruling such motion is appealable under G. S. 1935, 60-3302. In order, however, for a motion for judgment on the pleadings to be tantamount to a demurrer there can be no issue on material facts joined by the pleadings. (*Johnson v. Russell*, 160 Kan. 91, 92, 159 P. 2d 480.) Where an issue on material facts is joined by the pleadings a motion for judgment thereon is not tantamount to a demurrer and an order overruling the motion is not appealable. In *Miller v. Sunflower Recreation Society*, 151 Kan. 930, 101 P. 2d 891, we held:

"An appeal may be taken from an order overruling a motion for judgment on the pleadings only where it can be said on the record that the motion concedes the facts well pleaded by the opposing party, and is thus equivalent to a demurrer." (Syl. ¶ 1.)

It is unnecessary to narrate the averments contained in the various pleadings. They have been examined, as have also the authorities cited by appellant's counsel in support of certain legal questions involving the merits of the litigaton. Without intending to indicate any view on the merits of the action or defense, we think we would be unwarranted in now concluding that none of the facts disputed

by the pleadings could possibly become material on the trial of the action. It follows the order overruling the motion is not appealable. The principal appeal is therefore dismissed.

In view of the foregoing conclusion we need not consider other reasons urged by appellee for a dismissal of the appeal.

As previously stated, appellee has cross-appealed from the order overruling his demurrer to appellant's separate answer. Appellant contends the cross-appeal was not properly perfected and should not be considered. Whether the cross-appeal was properly perfected is now immaterial. Since the direct, the principal appeal, has been dismissed there is no case here in which to consider a cross-appeal.

The appeal is dismissed.