Nos. 37,768 and 37,769

O. F. Sullivan, *Appellee*, v. Paramount Film Distributing Corporation, *Appellant* (R. M. Copeland, Defendant).

(213 P. 2d 959)

Opinion filed January 28, 1950.

*Homer V. Gooing*, of Wichita, argued the cause, and *Howard T. Fleeson*, *Wayne Coulson*, *Paul R. Kitch*, *Dale M. Stucky* and *Donald R. Newkirk*, of Wichita, were with him on the briefs for appellant.

*Ray H. Tinder*, of Wichita, argued the cause, and *W. A. Kahrs* and *Robert H. Nelson*, of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

PRICE, J.: Each of these two actions, identical in title and all other material respects, was brought for the alleged breach of contract to deliver a motion picture film for exhibition. The question involved in each case is the same and they have been consolidated on appeal.

This is the third appearance of this consolidated appeal in this court and for a statement of the facts involved, as the same are disclosed by the petition and answer, reference is made to our former opinions in *Sullivan v. Paramount Film Distributing Co.*, 164 Kan. 125, 187 P. 2d 360, and *Sullivan v. Paramount Film Distributing Corp.*, 166 Kan. 57, 199 P. 2d 502.

Following our decision in the latter case, *supra*, the plaintiff filed a reply containing certain admissions and denials of matters set forth in the answer. Defendant then filed its motion for judgment on the pleadings. This motion was denied and it is from that ruling this appeal was taken.

At the outset we are confronted with the question whether an appeal lies from such an order. In his brief appellee does not strenuously press the point and neither did he do so at the time of oral argument. However, it has long been a rule of appellate procedure that it is the duty of this court to determine such jurisdictional question even though it is not raised by the parties to the proceedings. *In re Estate of West,* 167 Kan. 94, 204 P. 729.

Section 60-3302, G. S. 1935, dealing with the jurisdiction of this court, is in part as follows:

"The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, or of any other court of record, except a probate court. *First*—A final order. *Second*—An order that . . . sustains or overrules a demurrer. *Third*—An order that involves the merits of an action, or some part thereof. . . ."

The next section (60-3303) defines a final order as:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment. . . ."

Is the order of the lower court denying the motion for judgment on the pleadings appealable? Appellant contends that its motion is tantamount to a demurrer and therefore an appeal lies from the order overruling it.

526

Where a motion for judgment on the pleadings is properly construed as a demurrer an order overruling it is appealable under the provisions of 60-3302, *supra*. However, in order for such a motion to be tantamount to a demurrer there can be no issue on material facts joined by the pleadings. Where an issue on material facts is joined by the pleadings it therefore follows that an order overruling the motion is not appealable. In *Miller v. Sunflower Recreation Society*, 151 Kan. 930, 101 P. 2d 891, it was said:

"An appeal may be taken from an order overruling a motion for judgment on the pleadings only where it can be said on the record that the motion concedes the facts well pleaded by the opposing party, and is thus equivalent to a demurrer."

For further discussion of this rule see *Gas Service Co. v. Consolidated Gas Utilities Corp.*, 150 Kan. 715, 96 P. 2d 608, and *Pease v. Snyder*, 166 Kan. 451, 201 P. 2d 661.

We do not consider it necessary to narrate the averments and allegations contained in the various pleadings. They have been examined, as have also the authorities cited by appellant in support of certain legal questions involving the merits of the litigation. Without intending to indicate any view as to the merits of the action or defense, we think that it cannot be said there are no issuable facts raised by the pleadings. Such being the case the motion cannot be considered as tantamount to a demurrer and the order overruling it is not appealable.

It therefore follows that the appeal in each of the two cases is dismissed.