No. 38,595

AUGUST F. DIEHN, *Appellant,* v. L. R. PENNER, GEORGE RUSSELL, and M. J. ZIEGLER, Board of County Commissioners of Johnson County, Kansas, and GOVERNING BOARD OF MISSION TOWNSHIP, MAIN SEWER DISTRICT NO. 1, JOHNSON COUNTY, KANSAS, *Appellees.*

(244 P. 2d 215)

Opinion filed May 10, 1952.

*Edw. A. Benson, Jr.,* and *Marion C. Miller,* both of Kansas City, were on the briefs for the appellant.

*Rolla W. Coleman,* of Mission, argued the cause, and *Raymond H. Carr,* also of Mission, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This action was brought to recover rent for use of plaintiff's real estate. Defendants claim a right of way acquired by condemnation proceedings. This appeal is from an order overruling plaintiff's motion for judgment on the pleadings.

The petition alleges that plaintiff is owner of the property in question; that defendant sewer district is a municipal corporation which entered upon and located a sewage pipe line across plain-

tiff's land about July 1, 1949, and has since occupied said way across plaintiff's land, and has used the surface of plaintiff's land for the purpose of inspecting and maintaining the sewer line without any special contract with plaintiff, and is therefore liable for the reasonable value of such use and occupancy of the land in question. The prayer is for judgment for rental to date of filing his petition with interest and costs.

Defendant sewer district filed an answer stating that it was organized pursuant to G. S. 1949, 19-2745, which gave it power to maintain and construct sewers across private property with the right of eminent domain; that on February 7, 1949, pursuant to legislative authority, defendant district instituted condemnation proceedings to acquire an easement and right of way across plaintiff's property; that such action was necessary in the public interest; that appraisers were duly appointed and the property valued pursuant to public notice; the appraisers' report filed, and the amount of the award paid into court, all as required by statute; that no appeal from the condemnation proceedings was ever taken by plaintiff, and at the expiration of thirty days, defendant district's right to the easement across plaintiff's land became absolute. Pursuant to these statutory proceedings, defendant laid a sewer across the condemned land; by virtue of its lawfully acquired easement and right of way it is the owner of the sewer line with the right to enter upon plaintiff's property for the purpose of maintaining the line.

Plaintiff then filed a reply, the first paragraph of which was a demurrer on the ground the answer failed to set out facts constituting a defense; the second paragraph was a general denial; the third, fourth, fifth, sixth, seventh and eighth set up the defense that the condemnation proceedings were void and the damages allowed inadequate.

Defendants filed a motion to strike all of the reply except the first paragraph, which motion was sustained *in toto* on March 5, and no appeal was taken from the court's order. Plaintiff thereafter on September 11 filed a motion for judgment on the pleadings, which was overruled *in toto* on September 26. Notice of appeal from the last order only was taken September 28.

The sole question presented to this court is whether the trial court's ruling on appellant's motion for judgment on the pleadings is an appealable order. An order overruling or sustaining a demur-

rer to a pleading is made appealable by statute (G. S. 1949, 60-3302). A demurrer admits all facts well pleaded in the petition or answer to which it is directed. Where a motion for judgment on the pleadings is properly construed as a demurrer, an order overruling such motion is appealable under the section above referred to. In order, however, for a motion for judgment on the pleadings to be tantamount to a demurrer, there can be no issue on material facts joined by the pleadings.

In the instant case there is a definite issue raised by the petition and answer; the petition seeks to recover rent for use of the premises and the answer sets up defendants' legally acquired easement and right of way by virtue of condemnation proceedings. In such case this court has said that where an issue on material facts is joined by the pleadings, a motion for judgment thereon is not tantamount to a demurrer, and an order overruling the motion is not appealable.

The mentioned rule has been well discussed and analyzed in the cases of *Sullivan v. Paramount Film Distributing Corp.*, 168 Kan. 524, 213 P. 2d 959, 14 A. L. R. 2d 458, and *Pease v. Snyder*, 166 Kan. 451, 201 P. 2d 661, and cases cited therein, and needs no further discussion here. The appeal is dismissed.