No. 39,141

FRED BUECHNER, *Appellee*, v. ROBERT T. TRUDE, *Appellant*.

(266 P. 2d 267)

Opinion filed January 23, 1954.

*Harold E. Doherty*, of Topeka, argued the cause and was on the briefs for the appellant.

*Willard N. Van Slyck, Jr.*, of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove, Robert E. Russell*, and *William B. McElhenny*, all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action brought by the husband to recover damages for the wrongful death of his wife, resulting from a collision between two automobiles. Defendant appeals from an order of the trial court overruling his motion for judgment on the pleadings. A brief narration of the pleadings insofar as necessary to determine the question involved is as follows:

The petition, omitting the formal parts, alleged that plaintiff Fred Buechner (appellee), was the surviving spouse of the late Bessie Buechner who died November 19, 1950; that no personal representative has been appointed for her estate, and that he brings the action pursuant to G. S. 1949, 60-3203 and 60-3204. Plaintiff, with his wife as a guest passenger, drove his automobile in an easterly direction on highway 24, and as he approached the intersection at North Kansas Avenue he gave an appropriate signal of his intention to make a left turn to proceed north on Kansas Avenue and, after giving such signal for a proper period of time, proceeded to make such a left turn across the north or westbound lane of highway 24 and, while in the process of so doing and having practically cleared the north lane of highway 24, his car was struck near the middle of its right side by an automobile being driven in a westerly direc-

tion on highway 24 by defendant Robert T. Trude (appellant), at a high and excessive rate of speed, and as a direct and proximate result of the collision, plaintiff's late wife sustained severe personal injuries, resulting in her death. Plaintiff alleged that the mentioned automobile collision, and the personal injuries and death of his wife were solely and proximately caused by and the result of the reckless, careless and negligent conduct of the defendant in four detailed particulars.

Defendant's answer denies negligence on his part and alleges the sole and proximate cause of the collision was the negligence of the plaintiff, in five separate particulars, and further asserts that the death of plaintiff's wife was not due to the accident, but due to other illness and disease existing prior to the accident, and that plaintiff's wife was guilty of three separate acts of negligence which contributed to her injuries. The answer concludes with paragraph No. IV wherein he alleges that subsequent to the accident, plaintiff and defendant entered into a certain release in full of all claims, and plaintiff paid to this defendant the sum of $1,250. A copy of the release attached to the answer is as follows:

"For and in consideration of the sum of Twelve Hundred Fifty and no/100 Dollars ($1250.00) To me/us in hand paid by Fred Buechner et al, the receipt of which is hereby acknowledged, I/we being of lawful age, for myself/ourselves, my/our heirs, administrators, executors, successors and assigns hereby fully and forever release, acquit and discharge the said Fred Buechner and any other person, firm or corporation, their heirs, administrators, executors, successors and assigns from any and all actions, causes of action, claims and demands of whatsoever kind or nature on account of any and all known and unknown injuries, losses and damages by me/us or my/our property sustained or received on or about the 28 day of September, 1950 through accident occurring at or near intersection of Highway # 24 and N. Kansas, Ave., Topeka, Kansas for which injuries, losses and damages I/we claim the said Fred Buechner, et al to be legally liable, which liability is expressly denied, it being understood and agreed that the acceptance of said sum is in full accord and satisfaction of a disputed claim and that the payment of said sum is not an admission of liability.

"It is expressly understood and agreed that this release and settlement is intended to cover and does cover not only all now known injuries, losses and damages but any future injuries, losses and damages not now known or anticipated but which may later develop or be discovered, including all the effects and consequences thereof:

"And I/we hereby declare that I/we fully understand the terms of this settlement; that the amount stated herein is the sole consideration of this release and that I/we voluntarily accept said sum for the purpose of making a

full and final compromise, adjustment and settlement of all claims for injuries, losses and damages resulting or to result from said accident.

"In Witness Whereof, I/we have hereunto set my/our hand(s) and seal(s) this _____ day of June, 1951."

The instrument was duly signed and acknowledged by Sam Trude, Sr. and Robert T. Trude.

Defendant further alleges that at the time the release was obtained it was understood that it released and settled all of the differences of the parties, as a result of the collision in question.

Plaintiff by way of reply denied, generally, all matter in defendant's answer inconsistent with his petition, and specifically denied that he and his wife were in any way negligent, and further specifically denied the allegations of paragraph IV of defendant's answer with reference to the release, except plaintiff admits Exhibit "A," termed release, is a true copy of the original thereof. Upon the pleadings thus joined, defendant moved for judgment for the reason they disclosed that plaintiff and defendant compromised and settled their existing differences. From an order overruling this motion, defendant appeals.

Plaintiff filed a motion to dismiss the appeal on the ground the order from which the appeal is taken is not appealable. Ordinarily a motion for judgment on the pleadings invokes the judgment of the trial court on questions of law as applied to the pleaded and conceded facts. A judgment on the pleadings is rendered not because of lack of evidence or proof, but because of a lack of issue of fact. If there is no issue of material fact presented by the pleadings, then it becomes a question of law as to which party is entitled to judgment. But if a material issue of fact is presented and remains undetermined, a judgment on the pleadings is improper. Under these circumstances, this court has repeatedly held that an order overruling a motion for judgment on the pleadings is appealable only when it can be said on the record that such motion is tantamount to a demurrer. Where issuable facts are joined by the pleadings, a motion for judgment thereon is not tantamount to a demurrer and an order overruling it is not appealable. (*Diehn v. Penner*, 173 Kan. 41, 244 P. 2d 215; *Talbott v. Farmers Co-op Elevator*, 174 Kan. 435, 437, 256 P. 2d 856; *Sullivan v. Paramount Film Distributing Corp.*, 168 Kan. 524, 526, 213 P. 2d 959; 14 A. L. R. 2d 458; *Pease v. Snyder*, 166 Kan. 451, 201 P. 2d 661; *Ewing v. Pioneer Nat'l Life Ins. Co.*, 158 Kan. 371, 147 P. 2d 755.)

Defendant contends the copy of the written release attached to and made a part of his answer was not denied under oath, and that the instrument and its contents were therefore admitted. We cannot agree with defendant's contention. G. S. 1949, 60-729, provides that in all actions, allegations of the execution of written instruments shall be taken as true unless the denial of the same be verified by affidavit of the party, his agent or attorney. The plaintiff's failure to make such a verified denial admitted only that it was a true copy of the original executed instrument, and did not admit all of the issuable facts in connection therewith. (*Kniffen v. Hercules Powder Co.* 164 Kan. 196, 209, 188 P. 2d 980.)

Defendant's counsel admits he has searched diligently and has been unable to find a case in point sustaining his position, but concludes the answer to the question is found in the release, and rely on the case of *Wendel v. Chicago, Rock Island & Pacific Rly. Co.,* 170 Kan. 68, 223 P. 2d 993. The cited case does not support the defendant's contention. In that case the answer alleged that Wendel and Colvin entered into a certain release in full of all claims. Wendel failed to file any reply or deny the release or terms thereof. We said: "Under such circumstances it must be taken as true." In the instant case it is noted that plaintiff's reply specifically denies all of the allegations of paragraph IV of defendant's answer pertaining to the release, with the exception that the same purports to be a copy of the original.

The release upon its face is ambiguous. It recites that the $1,250 was paid by Fred Buechner, *et al.,* and the money was received by Sam Trude Sr. and Robert T. Trude. Neither "*et al.*" nor "Sam Trude, Sr." are parties to this action. This certainly leaves issuable facts under the pleadings as to whether plaintiff entered into the release in full of all claims, whether he paid the $1,250 in connection with the release, and whether it was understood at the time that it released and settled the mentioned differences between plaintiff and defendant, in addition to other issuable facts disclosed by the pleadings.

In view of the issuable facts joined by the pleadings, defendant's motion for judgment thereon was not tantamount to a demurrer, and the order overruling the motion is not appealable.

The appeal is dismissed.