No. 39,324

MARY HUDSON VANDEGRIFT, *Appellant,* v. CITY OF WICHITA, WALT KEELER, L. A. DONNELL, W. C. SALOME, JR., H. D. LESTER, CLAUDE M. DEVORSS, C. C. ELLIS, E. N. SMITH, *Appellees.*

(269 P. 2d 477)

Opinion filed April 10, 1954.

*George Stallwitz,* of Wichita, argued the cause, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, Ralph M. Hope* and *Robert J. Hill,* all of Wichita, were with him on the briefs for the appellant.

*Paul J. Donaldson,* of Wichita, argued the cause, and *Fred W. Aley, Douglas E. Shay* and *Kenneth P. Stewart,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action to enjoin the collection of an alleged illegal special assessment against plaintiff's land. The appeal is from an order overruling plaintiff's motion for judgment on the pleadings.

The city of Wichita, under authority of G. S. 1949, 26-201, con-

demned a thirty-foot strip of plaintiff's property for street widening purposes. The commissioners in condemnation awarded her the sum of $4,500 for the land so taken, and then, by virtue of a city ordinance creating a sole benefit district of plaintiff's land so remaining, under G. S. 1949, 26-202, assessed such sum of $4,500, together with the costs of the condemnation proceeding in the amount of $445.92, against such remainder—hence this lawsuit.

In view of the only disposition which we think can be made of this appeal, a brief summary of the pleadings will be sufficient.

Following a recital of the various steps in the condemnation proceeding, plaintiff's petition alleges that the creation of a benefit district solely out of her remaining property is in violation of the very ordinance in question which provides that only a "just portion" of the cost of widening the street should be charged against the remainder of her property; that no part thereof was assessed against the city at large; that the condemnation commissioners did not follow the method of assessing benefits prescribed by G. S. 1949, 26-202; that there is and will be no benefit accruing to plaintiff or the remainder of her property by reason of the taking of the land in question; that there are other property owners who sought the widening of the street who are materially benefited; that the creation of the alleged benefit district consisting of only the remainder of plaintiff's property is imaginary and fanciful, and that the action of the commissioners in assessing the total award and costs of the proceeding against her remaining property, instead of only a just portion thereof, is likewise unfair, unjust, arbitrary, capricious and discriminatory, and without any reason or foundation in fact or in law.

The answer of defendant city and its officials admits the physical facts of what was done in the condemnation proceeding as alleged in the petition, but denies the assessment in question is in violation of the ordinance or any statute; denies that no benefit will accrue to plaintiff or to the remainder of her property by reason of the taking of the land in question, and denies all allegations of the petition with reference to the creation of such benefit district being unlawful, unfair, unjust, arbitrary, capricious and discriminatory.

Plaintiff's reply denies all allegations and statements contained in the answer which are inconsistent with or in contravention of the allegations of the petition.

With the issues thus joined, plaintiff filed a motion for judgment

on the pleadings based on the grounds that (a) the pleadings reflect that no material issues of fact remain undetermined and therefore present only a question of law, and (b) the pleadings show on their face that plaintiff is entitled to the relief sought.

This motion was overruled, but, instead of acquiescing in such ruling and proceeding with a trial on the merits, plaintiff appealed, and now insists that this court should determine whether the trial court's action in denying her motion was erroneous.

Before proceeding to what we consider to be the decisive point in this appeal, namely the lack of this court's jurisdiction to entertain it, we note briefly plaintiff's contentions.

It is argued that as a matter of law the city, under the pertinent portion of G. S. 1949, 26-202, which reads:

".  .  . For the payment of such value and damages the commissioners shall assess against the city the amount of the benefit to the public generally and the remainder of such damages against the property within the benefit district which shall in the opinion of the appraisers be especially benefited by the proposed improvement.  .  . ."

has no right to take plaintiff's "front yard" and then turn right around and assess the damages awarded to her, including the costs of the proceeding, against her "back yard," and in support thereof she relies on *Engstrom v. City of Wichita,* 121 Kan. 122, 245 Pac. 1033, where it was held:

"Where a city appropriated part of a small parcel of land to widen a city street, the erection of a benefit district to pay the total cost of the improvement, which district was exclusively comprised of the remainder of the small tract of land subjected to diminution by the condemnation proceedings, was *prima facie* unreasonable, and in the absence of some persuasive showing of facts or circumstances warranting such action, a judgment of the trial court enjoining the city from further proceedings thereunder will not be disturbed." (Syl. 1.)

and on *Parks v. City of Wichita,* 123 Kan. 430, 255 Pac. 1105, in which a like question was dicussed.

Defendant city and its officials, on the other hand, contend for the general rule to the effect that a motion for judgment on the pleadings is proper only when no issuable facts are joined by the pleadings, and that as such cannot be said for the pleadings here under consideration the action of the trial court in overruling plaintiff's motion was proper and should be affirmed. Defendants' brief also contains a lengthy argument and discussion to the effect that

all proceedings by the city in the condemnation action were legal in all respects.

Notwithstanding that defendants do not specifically question the jurisdiction of this court to entertain the appeal, it has long been a rule of appellate procedure that it is the duty of this court to determine such jurisdictional question even though it is not raised by the parties. (*In re Estate of West*, 167 Kan. 94, 204 P. 2d 729; *Sullivan v. Paramount Film Distributing Corp.*, 168 Kan. 524, 213 P. 2d 959, 14 A. L. R. 2d 458.)

In the Sullivan case the appeal was from an order overruling a motion for judgment on the pleadings, and, following a discussion of the appellate jurisdiction of this court and what constitutes a final order, it was held:

"An order overruling a motion for judgment on the pleadings is appealable only when it can be said on the record that such motion is tantamount to a demurrer. Where issuable facts are joined by the pleadings a motion for judgment thereon is not tantamount to a demurrer and an order overruling it is not appealable." (Syl. 2.)

(See also *Diehn v. Penner*, 173 Kan. 41, 244 P. 2d 215, and *Buechner v. Trude*, 175 Kan. 572, 574, 266 P. 2d 267.)

No attempt, other than what has already been said, will be made to summarize the allegations of the petition, answer, and reply. It is sufficient to say that, among other things, the answer contains specific denials of allegations of the petition with respect to the actions of the condemnation commissioners being unlawful, capricious, arbitrary and discriminatory. Furthermore, the reply denies all allegations of the answer which are inconsistent with or in contravention of the allegations of the petition. We have no fault to find with what was said in the Engstrom and Parks cases, *supra*, relied on by plaintiff, but in each of those cases there had been a trial on the merits, and in each case the trial court had made findings on questions and issues specifically put in issue by the pleadings before us in the instant case. This case has not been tried. Issuable facts being joined by the pleadings, the motion for judgment thereon is not tantamount to a demurrer, and therefore the order overruling such motion is not appealable. Further, the order is not a final order as defined by G. S. 1949, 60-3303.

It therefore follows that the appeal must be and the same is hereby dismissed.