CARROL B. BARNHOUSE, *Appellee,* v. MELVIN E. ROWE, *Appellant,* and EARL W. KRONER.

No. 39,769

WILLIAM L. BORSCH and WILLIAM B. BORSCH, *Appellees,* v. MELVIN E. ROWE, *Appellant,* and EARL W. KRONER.

No. 39,770

GENELLE BARNHOUSE COX, *Appellee,* v. MELVIN E. ROWE, *Appellant,* and EARL W. KRONER.

(284 P. 2d 618)

Opinion filed June 11, 1955.

*William P. Thompson,* of Wichita, argued the cause, and *A. W. Hershberger, J. B. Patterson, Richard Jones, H. E. Jones,* and *Jerome E. Jones,* all of Wichita, were with him on the briefs for the appellant.

*Donald R. Newkirk,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Robert J. Hill, Gerrit H. Wormhoudt, Theodore C. Geisert,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's order overruling a motion by appellant for judgment on the pleadings in each of three damage actions. Since the issues are identical, the appeals have been consolidated.

For clarification purposes, it may be well to explain that the appellees in case No. 39,769 are William L. Borsch, the husband, and William B. Borsch, the son, of Charlotte Livingston Borsch. They sued to recover $15,000 for her wrongful death while she was a passenger in the car of Carrol B. Barnhouse, appellee in case No. 39,768, caused by and through the alleged negligence of appellant.

Genelle Barnhouse Cox, appellee in case No. 39,770, who was also a passenger in the Barnhouse car, sued to recover $10,000 for personal injuries which resulted from the alleged negligence of appellant.

We shall refer to appellee Carrol B. Barnhouse as the appellee since her pleading is the one submitted for review. The petitions of all appellees were identical except for the different parties plaintiff. Appellant Melvin E. Rowe will be referred to as Rowe and Earl W. Kroner, who died during the pendency of the actions, will be referred to as Kroner. No revivor proceedings were instituted against the estate of Earl W. Kroner.

The petition of appellee substantially alleged that on the 29th day of June, 1952, at approximately 11:45 a. m., appellee, a California resident, was driving her 1952 Cadillac east on U. S. highway 54 approximately four miles east of Greensburg, Kansas, following a Cadillac convertible being driven by Kroner, an Illinois resident; Helen Adele Rowe, acting as agent for her husband, appellant Rowe (they were both residents of Ohio), was driving the Rowe's Hudson car west on the same highway; at the top of a small hill the Hudson sideswiped with the Kroner Cadillac, causing a head-on collision between the Hudson and appellee's Cadillac, which was traveling on its own right side of the road behind the Kroner car.

The alleged concurrent negligent acts of Kroner and Rowe, which were also alleged to be the direct and proximate cause of the collision and resulting injuries, were that the left wheels of Kroner's car were on the center line as he reached the top of the hill; Kroner did not keep a proper lookout and failed to turn to the right to avoid the collision; that Rowe, by his wife as agent, was driving partially on the wrong side of the road as the car came to the top of the hill, was driving at an excessive rate of speed, did not have the car under proper control, was not keeping a proper lookout and failed to turn aside to avoid the collision.

In his answer, as his first defense, Rowe filed a general denial together with a specific denial of his wife's agency. His second defense admitted ownership of the Rowe car and the facts of time and place, and that there was a collision, but he denied negligence and stated that his car was traveling on its own right side of the highway at fifty miles per hour; the Kroner Cadillac was traveling east on the left side of the highway at a speed of seventy-five miles per hour; this same side of the highway was occupied by the Rowe car as it proceeded west; Kroner tried to swerve back to the right

side but he sideswiped the left front of the Rowe car, throwing it out of control and into the path of appellee's Cadillac; appellee was traveling at a dangerous speed in excess of seventy-five miles per hour without sufficient distance between her car and the Kroner Cadillac; appellee failed to turn right to avoid the Rowe car but turned to the left, which caused a head-on collision; Mrs. Rowe received injuries from which she died on June 30, 1952; the collision and resulting damages were caused by the alleged negligence of Kroner and appellee.

Appellant Rowe's third defense sets out that administration of Mrs. Rowe's estate was commenced on July 14, 1952, in the probate court of Clark county, Ohio, which was the residence of the Rowes; appellee petitioned for permission to file a claim, which was admitted to be late because appellee did not have actual notice of the appointment of the administrator in time to present her claim; testimony was offered and on September 2, 1953, the petition was denied for the reason that it had not been presented in time; no appeal was taken therefrom; the claim propounded here is identical with the claim sought to be presented in the Ohio court and the parties are identical or in direct privity with the parties there; thus the Ohio determination is *res judicata* to the present action.

A fourth defense for Rowe states that appellee's action is based exclusively on the agency of Rowe's wife and since the period has expired in which a claim could be presented against the agent, it cannot now be maintained against the principal.

Appellee filed the following three paragraphs as the basis of her reply:

1. Each and every allegation in the defendant's answer which is in any way inconsistent with plaintiff's petition is denied, except those matters hereinafter specifically admitted.

2. For her reply to the third defense of defendant's answer, the facts alleged in paragraphs 10, 11, 12 and 13 are admitted. Plaintiff denies that those facts constitute *res judicata*.

3. For her reply to the fourth defense, plaintiff alleges that her claim may be presented against the defendant notwithstanding the expiration of time allowed in the State of Ohio for the presentation of claims against the deceased agent of the defendant.

Rowe filed his motion for judgment on the pleadings showing that appellee in her reply admitted the facts which Rowe contended constituted *res judicata* and that he, Rowe, was thereby entitled to judgment by reason of his third and fourth defenses, or either of

them. His motion was overruled by the trial court. This appeal was subsequently filed.

At the outset we are here confronted with a motion for judgment on the pleadings filed by appellant after appellee had filed a reply, which motion, as already stated, was overruled by the trial court. Some rulings on motions for judgment on the pleadings are such as to be final orders under our statutes. G. S. 1949, 60-3302 in part reads:

"The supreme court may reverse, vacate or modify any of the following orders of the district court . . . *First*—A final order. *Second*—An order that . . . sustains or overrules a demurrer. *Third*—An order that involves the merits of an action, or some part thereof . . . ,"

and G. S. 1949, 60-3303, in part, reads:

"A final order . . . is an order affecting a substantial right in an action, when such order . . . determines the action and prevents a judgment. . . ."

It is first incumbent upon us to determine whether, as a result of the appeal, this is such a final order as to confer jurisdiction upon this court. Even though the parties raise no question, this court, before considering the merits of any appeal, must first determine its jurisdiction in each particular case. See *In re Estate of West*, 167 Kan. 94, 204 P. 2d 729, where it was stated that:

". . . a ruling by a trial court on a motion which does not have the effect of terminating an action or foreclosing the parties thereto from thereafter asserting the matters therein sought to be determined never deprives any litigant of substantial rights but at the most merely postpones their final determination until after the trial court has been afforded an opportunity to proceed with and dispose of the cause upon its permit [sic] . . ." (p. 95.)

Appellant cannot be said, in the case under consideration here, to be deprived of raising the defenses set up in the third and fourth defenses, or either of them, by reason of the trial court's order. It must be kept in mind that the facts upon which the motion for judgment on the pleadings was based were set out for the first time in appellant's answer. Appellant did not demur to the petition but saw fit to file an answer and, in turn, appellee filed a reply. The reply, after denying all allegations in the answer which were contrary to the allegations of the petition, admitted new matter set up in the answer. Let us suppose no reply had been filed. The case would have been at issue on the petition and answer with its new matters set out. The new matters would have been undenied but the case would have been ready for trial and appellant would have

been entitled to show the third and fourth defenses. The reply has not changed this situation.

Our court has on numerous occasions stated that where a motion for judgment on the pleadings is tantamount or equivalent to a demurrer, an appeal may be taken from the overruling of the motion. (*Johnson v. Russell,* 160 Kan. 91, 159 P. 2d 480.) We do not believe this line of cases helps any in the present appeal because, in view of what has already been said, the motion for judgment on the pleadings, if considered as a demurrer, would practically create the situation of allowing a litigant in a lawsuit to demur to his own pleading. A pleading cannot be equivalent to a demurrer where a moving party cannot demur. If a motion is to be treated as a demurrer, it must concede the facts alleged in the pleading of the opposing party. (*Gas Service Co. v. Consolidated Gas Utilities Corp.,* 150 Kan. 715, 717, 96 P. 2d 608.) Appellant, in effect, is endeavoring to get us to test the sufficiency of his answer and that cannot be done in this manner. (*Kellogg v. Richmond,* 152 Kan. 360, 364, 103 P. 2d 868.)

There is an additional reason why this motion was not the equivalent of a demurrer. As already herein set out, there were issuable facts joined by the pleadings and, therefore, the motion for judgment on the pleadings cannot be equivalent or tantamount to a demurrer. The decisions are abundant on this point. A few of them are *Pease v. Snyder,* 166 Kan. 451, 201 P. 2d 661; *Sullivan v. Paramount Film Distributing Corp.,* 168 Kan. 524, 213 P. 2d 959, 14 A. L. R. 2d 469; *Diehn v. Penner,* 173 Kan. 41, 244 P. 2d 215; *Vogt v. Drillers Gas Co.,* 178 Kan. 146, 283 P. 2d 442.

Since the order overruling the motion for judgment on the pleadings was not an appealable order, this court is without jurisdiction in the case and the appeal must be dismissed. It is so ordered.