No. 39,727

IDA M. EDWARDS, MAURICE J. EDWARDS, JOHN EDWARDS, JR., CLARK H. EDWARDS, RUTH B. EDWARDS, and GEORGE KRATZER, *Appellees,* v. SOLAR OIL CORPORATION, a Corporation, *Appellant.*

(284 P. 2d 589)

Opinion filed June 11, 1955.

*Ferd E. Evans, Jr.,* of Wichita, argued the cause, and *Lester L. Morris, Verne M. Laing* and *Ralph R. Brock,* all of Wichita, were with him on the briefs for the appellant.

*Paul L. Aylward* and *George D. Miner,* both of Ellsworth, were on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an action by landowners and their agricultural

tenant against the assignee of an oil and gas lease to recover damages resulting from the alleged failure of defendant to remove all of its property and equipment from the land after abandonment of the lease.

Defendant has appealed from an order overruling its motion for judgment on the pleadings.

This is the second appearance of the case in this court. In *Edwards v. Solar Oil Corp.*, 177 Kan. 219, 277 P. 2d 614, we affirmed a previous order of the trial court overruling defendant's demurrer to the amended petition. For a summary of the allegations of the amended petition reference is made to the opinion in that case.

While the former appeal was pending defendant filed its answer in which, among other things, it offered to confess judgment on the third cause of action which sought recovery for damage to crops caused by defendant's operations on the land.

The record does not disclose the filing of a reply, but, in any event, shortly after filing its answer defendant filed a motion for judgment on the pleadings as to plaintiffs' first and second causes of action, relying on our decision in *Duvanel v. Sinclair Refining Co.*, 170 Kan. 483, 227 P. 2d 88, 23 A. L. R. 2d 649, as being authority for the proposition that, absent any provision in an oil and gas lease requiring the lessee to clear the premises at the termination of the lease, there is no contractual obligation on the part of such lessee to remove all of the personal property brought thereon during the term of the lease.

This motion for judgment on the pleadings was overruled and defendant has appealed. It is contended the court erred in such ruling, and also in overruling defendant's motion to make the amended petition more definite and certain.

At the outset, we are confronted with the question whether an appeal lies from the order overruling the motion for judgment on the pleadings, even though the point is not specifically raised by plaintiffs. However, it has long been a rule of appellate procedure that it is the duty of this court to determine such jurisdictional question even though it is not raised by the parties. (See *In re Estate of West*, 167 Kan. 94, 204 P. 2d 729.)

The rule is well established that an order *overruling* a motion for judgment on the pleadings is appealable only when such motion is the equivalent of a demurrer. However, in order for such a motion to be equivalent to a demurrer there can be no issue on material

facts joined by the pleadings. In *Sullivan v. Paramount Film Distributing Corp.*, 168 Kan. 524, 213 P. 2d 959, 14 A. L. R. 2d 458, it was held:

"An order overruling a motion for judgment on the pleadings is appealable only when it can be said on the record that such motion is tantamount to a demurrer. Where issuable facts are joined by the pleadings a motion for judgment thereon is not tantamount to a demurrer and an order overruling it is not appealable." (Syl. 2.)

See also *Pease v. Snyder*, 166 Kan. 451, 201 P. 2d. 661; *Diehn v. Penner*, 173 Kan. 41, 244 P. 2d 215; *Buechner v. Trude*, 175 Kan. 572, 266 P. 2d 267, and *Vandergrift v. City of Wichita*, 176 Kan. 141, 269 P. 2d 477.

The matter therefore narrows down to the question whether issuable facts are joined by the amended petition and answer.

Upon oral argument of this appeal counsel for defendant stated that for purposes of the appeal all allegations of the amended petition were admitted and that no facts were in dispute. The only trouble with this statement is that it is contrary to and inconsistent with the allegations contained in the pleadings. In ruling on the motion the trial court was bound to take the pleadings as it found them, and we must do likewise on appeal.

It is not our purpose to set out in detail the allegations of the amended petition and answer. We mention but a few in order to indicate the basis of our decision.

In paragraph VI of the amended petition it is alleged that defendant removed a portion of the personal property and equipment from the premises but failed and refused to remove certain other materials. In paragraph VI of the answer defendant alleges that on or before the date in question it removed all of its equipment from the premises, and in paragraph VII specifically denies that it removed only a portion of the equipment and failed and refused to remove the remainder.

In paragraph VII of the amended petition it is alleged that by reason of the failure of defendant to remove certain cement blocks and debris which were buried by defendant on the premises in such a manner as to interfere with farming operations plaintiffs were damaged in the sum of $800 incurred by them as expense in cleaning up and removing materials. Paragraph VIII of the answer specifically denies this allegation.

Then, in paragraph I of the second cause of action contained in the amended petition are allegations with respect to loss of use of

the land due to the failure and refusal of defendant to remove the mentioned equipment and debris. Paragraph X of the answer specifically denies these allegations.

Defendant seeks to avoid these matters by contending that under the rule laid down in the Duvanel case, *supra*, it was under no duty to remove the debris in question and that its motion for judgment on the pleadings, directed to the first and second causes of action of the amended petition, raises only a pure question of law and is therefore the equivalent of a demurrer.

In our opinion defendant's contentions may not be sustained. Irrespective of the interpretation placed upon the pleadings by defendant, the fact remains that allegations of fact set forth in the amended petition are specifically denied in the answer. We are not dealing here with a demurrer, as such—rather we are dealing with a motion for judgment on the pleadings which can only be considered as a demurrer when no issuable facts are raised by the pleadings. It is clear that facts are in dispute, and the motion therefore cannot be considered as a demurrer. Under the rule announced in the Sullivan case, *supra*, and other cases cited, the order overruling the motion is not appealable, and this court has no jurisdiction to entertain the appeal.

The appeal is therefore dismissed.