## No. 40,136

MARGARET HEIER; JACOB J. HEIER; MARTHA HEIER, a Minor, by MARGARET HEIER, Her Natural and Legal Guardian; PETER ZERR; EDGAR M. ZERR, a Minor, ANGELINE H. ZERR, a Minor, DANIEL J. ZERR, a Minor, HENRY V. ZERR, a Minor, by PETER ZERR, Their Natural and Legal Guardian; EMMA ZERR, also known as EMMA A. N. ZERR; GENEVIEVE ZIEGLER; and ROSALIE KRAFT, *Appellants,* v. PETER HEIER, JACOB HEIER, LUDWIG HEIER, LEO T. HEIER, and PETER HEIER, Executor of the Estate of Cecilia Heier, Deceased, *Appellees.*

(298 P. 2d 296)

Opinion filed June 9, 1956.

*Marion W. Chipman,* of Hill City, argued the cause, and *W. H. Clark* and *Kenneth Clark,* both of Hill City, were with him on the briefs for the appellants.

*Alex M. Fromme,* of Hoxie, argued the cause, and *Joseph W. Fromme,* of Hoxie, was with him on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This appeal is from an order overruling a motion by appellants (plaintiffs below) for judgment on the pleadings and stipulation in an action wherein a partition of real estate and an accounting of rents, profits and income therefrom are sought.

We are first confronted with a question as to whether the order is such a final order, or is tantamount to a ruling on a demurrer, so that an appeal can be taken therefrom.

The pertinent part of the journal entry containing the court's order which is necessary to a determination of the question before us reads:

"IT IS THEREFORE ORDERED AND ADJUDGED that plaintiffs' motion for judgment on the pleadings and stipulation for the judgment of the court decreeing an accounting should be and is hereby overruled and upon plaintiffs' oral notice of intention to appeal, IT IS ORDERED BY THE COURT that the above entitled cause should be and is hereby continued with respect to the issues of such accounting, and issues raised by defendants for contribution for certain repairs and improvements, until such time as said cause may be heard and decided in the Supreme Court of Kansas."

The above journal entry was approved by counsel for both parties.

It is evident that any question regarding the accounting in this case is for later determination by the trial court and appellants were not deprived of showing anything they wished to in regard thereto. They were not deprived of any substantial rights when the trial court overruled their motion for judgment on the pleadings and stipulation. The most that can be said in favor of appellants' contention is that the final determination of their rights has merely been postponed. This does not meet the requirements of our statute in regard to a final order. (G. S. 1949, 60-3302, *First.*) Even though a ruling on a motion for judgment on the pleadings may not be final and appealable, it may yet be appealable if the motion can be considered tantamount to a demurrer (G. S. 1949, 60-3302, *Second*) but the quoted section of the trial court's journal entry, in addition to issues raised by the answers and replies thereto which we deem unnecessary to set out, show there was a joining of issues on material facts. Therefore, we are constrained to hold that the order overruling the appellants' motion for judgment on the pleadings, which was neither a final order nor tantamount to a ruling on a demurrer, is not appealable. (*Edwards v. Solar Oil*

*Corp.,* 178 Kan. 218, 284 P. 2d 589; *Barnhouse v. Rowe,* 178 Kan. 248, 284 P. 2d 618.)

The disposition of the ruling on the motion for judgment on the pleadings makes it unnecessary to cover another phase brought out by the parties on the appealability of an order.

The appeal is dismissed.