No. 40,687

Ezo Hill and Louis Neiden, As Partners Doing Business Under the Firm Name and Style of Hill and Neiden Iron and Metal Company, *Appellees*, v. L. B. Lake, *Appellant*.

(318 P. 2d 1050)

filed December 7, 1957. Opinion

N. J. Ward and Percy H. Collins, Jr., both of Belleville, were on the briefs for the appellant.

Frank G. Spurney and Louis B. Finkelstein, both of Belleville, were on the brief for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This action was one by plaintiffs (appellees) to recover the purchase price paid defendant (appellant) for certain metal sold by him and later discovered to be stolen property.

Plaintiffs' petition, in substance, alleged that defendant orally sold and delivered to them certain copper metal which they had purchased in good faith, without notice that defendant had no title thereto; that plaintiffs sold the material to the Northwestern Metal Company of Lincoln, Nebraska, and while in the company's possession the metal was identified by the Cornhusker Ordnance Plant, a government installation, as being United States property stolen from the plant at Grand Island, Nebraska; that the ordnance plant reclaimed the property and plaintiffs refunded the purchase price of the metal to the Northwestern Metal Company; that demands were made on defendant for the price paid him for the metal by plaintiffs, but that defendant refused to refund the same. Plaintiffs asked judgment.

Defendant's answer admitted the sale of the metal to plaintiffs for the amount specified and that plaintiffs sold the metal to the Northwestern Metal Company. Defendant denied that the metal was stolen, but stated that if it had been, he had no knowledge thereof and had purchased the same in good faith in the regular course of business and for a fair consideration. Defendant alleged in the alternative that if the metal had been stolen, plaintiffs had knowledge of the same or had knowledge of such facts and circumstances as would put them on inquiry; that they were therefore guilty of wrongful conduct and could not recover against defendant. Defendant further alleged that if any refund had been made to the Northwestern Metal Company by plaintiffs, it had been a voluntary one. As a consequence, plaintiffs were not entitled to recover from defendant in the action. Plaintiffs replied by a general denial of the allegations inconsistent with their petition.

Defendant filed a motion for judgement on the pleadings as joined, contending that the facts admitted by the pleadings showed the plaintiffs were not entitled to recover against defendant. Defendant also filed a motion asking the court to determine in advance of trial the questions of law as authorized by G. S. 1949, 60-2902. Following orders made by the trial court in connection with such

matters, defendant gave the following notice of appeal (omitting the formal parts):

"You are hereby notified that the defendant intends to and does appeal to the Supreme Court of the State of Kansas from all the orders, rulings, and decisions made by the above entitled court in this case, including the order made in this case overruling the defendant's Motion for Judgment of [on] the pleadings."

We will first determine whether defendant has an appealable order. G. S. 1949, 60-3306 provides what must be contained in a notice of appeal in order to make alleged errors reviewable. The pertinent portions thereof read:

"Appeals to the supreme court shall be taken by notice filed with the clerk of the trial court, stating that the party filing the same appeals from the judgment, order or decision complained of to the supreme court, and if the appeal is taken from only a part of the judgment, or from a particular order or decision, then by stating from what part of the judgment, or from what particular order or decision the appeal is taken."

G. S. 1949, 60-3101 defines the word "judgment" as meaning a final determination of the rights of the parties in an action; and G. S. 1949, 60-3103 defines the word "order," as follows:

"Every direction of a court or judge, made or entered in writing, and not included in a judgment, is in order."

The word "decision" is not defined by the code.

It is noted that the defendant's notice of appeal makes no reference to a judgment. His notice does specify the words, "orders, rulings, and decisions," but it does not specify what orders, rulings or decisions he appeals from, with the exception of the ruling on his motion for judgment on the pleadings, which will be dealt with later. The trial court's ruling on defendant's motion to determine questions of law in advance of trial was nothing more than an order and did not amount to a judgment or any part thereof. Because of defendant's failure to specify in his notice of appeal this motion and the order thereon, this court has no jurisdiction to pass upon the matter. There has been no trial in the action and no judgment has been rendered.

It is a settled rule in this state that where an appeal is taken from some particular order or decision—not the main and final judgment —it is the duty of the appellant to specify in the notice just what he is complaining of and appealing from. This is the natural meaning of the language in the mentioned section 60-3306, which was en-

acted for the purpose of simplifying appeals and eliminating all unnecessary machinery and formality. (*Townsend v. Railway Co.,* 86 Kan. 972, 974, 122 Pac. 1119.) In *Skaggs v. Callabresi,* 145 Kan. 739, 67 P. 2d 566, we stated:

"A notice of appeal which includes only the verdict of the jury does not constitute an appeal from the judgment, from the order overruling the motion for a new trial or from any other appealable order. It does not invoke the jurisdiction of this court for the purpose of any review and the appeal must be dismissed."

(See also *Dolan Mercantile Co. v. Wholesale Grocery Subscribers,* 131 Kan. 874, 380, 291 Pac. 935; and *Mundell v. Franse,* 143 Kan. 139, 53 P. 2d 811.)

This leaves us with the sole question of whether the order of the trial court overruling defendant's motion for judgment on the pleadings is an appealable order. It has been definitely decided in this state that an appeal may not be taken directly from the overruling of a motion for judgment on the pleadings where material issues of fact are joined by the pleadings. (*Diehn v. Penner,* 173 Kan. 41, 244 P. 2d 215; *Vandegrift v. City of Wichita,* 176 Kan. 141, 269 P. 2d 477; *Heier v. Heier,* 179 Kan. 758, 298 P. 2d 296; *Edwards v. Solar Oil Corp.,* 178 Kan. 218, 284 P. 2d 589; *Barnhouse v. Rowe,* 178 Kan. 248, 284 P. 2d 618; *Sullivan v. Paramount Film Distributing Corp.,* 168 Kan. 524, 213 P. 2d 959, 14 A. L. R. 2d 458.)

In the instant case there are definite issuable facts joined by the pleadings, and under such circumstances the order overruling defendant's motion for judgment is not appealable. No appeal having been perfected from a judgment or any other appealable order, it follows that the purported appeal must be dismissed.

It is so ordered.