No. 43,810

Dwight Decker, *Appellant,* v. Frank Jones, *Appellee.*

(398 P. 2d 325)

Opinion filed January 23, 1965.

*Archie T. MacDonald,* of McPherson, argued the cause, and *Paul L. Aylward,* of Ellsworth, was with him on the briefs for the appellant.

*John K. Bremyer,* of McPherson, argued the cause, and *Dick Roland Jones,* of McPherson, was with him on the brief for the appellee.

The opinion of the court was delivered by

Robb, J.: This is an appeal from the trial court's order sustaining a demurrer to plaintiff's amended petition in a damage action for failure of defendant, the lessee, to remove debris from his abandoned oil and gas leasehold (under G. S. 1961 Supp., 55-132a) on land now owned by plaintiff in fee simple title.

On March 8, 1926, a ten year lease was entered into and subsequent production from seventeen oil wells extended the lease until September 1, 1959, when defendant, then owner and producer thereof, abandoned the lease, discontinued production of oil thereon and commenced removal of machinery, equipment and pipe therefrom.

Defendant Jones had failed to clean up and remove debris such as concrete floors, pits, rig corners, fragments, etc., used in the development and operation of the lease. He had also failed to fill

a certain salt water pit and to remove the fence surrounding it and had failed to fill other pits so as to restore the land to the same condition it had been in before drilling and operation of the leases were commenced. The reasonable expense for restoring the land was $5,800.00 and plaintiff was damaged in that amount.

The second cause of action sought $200.00 for plaintiff's loss of use of the land.

Defendant demurred generally to this amended petition on the ground it failed to state a cause of action against defendant and in favor of plaintiff, and the trial court sustained the demurrer. Hence this appeal by plaintiff.

Absent any consideration of G. S. 1961 Supp., 55-132a (Laws of 1957, Chap. 318, § 1) there is no question but that the trial court's decision was correct and would have to be affirmed, following our decision in *Duvanel v. Sinclair Refining Co.*, 170 Kan. 483, 227 P. 2d 88, (see, also, *Edwards v. Solar Oil Corp.*, 177 Kan. 219, 277 P. 2d 614; *Edwards v. Solar Oil Corp.*, 178 Kan. 218, 284 P. 2d 589) for the reason that the only matter the trial court had to consider was the rights and duties of the lessor and lessee as they were prescribed in the original lease in question which, as does the lease presently before us, contained no provision making it the duty of the lessee, upon abandonment of the oil and gas lease, to restore the land to its original condition suitable for agricultural purposes.

However, since the execution of this lease in 1926, the legislature enacted G. S. 1961 Supp., 55-132a, which provides:

"Leaving the surface of lands with a part of the operating structure or other equipment intact after abandoning oil or gas wells is against public policy, and constitutes a public nuisance, and shall be hereafter prohibited. Whenever any lease operator shall abandon any oil or gas well, he shall, within six (6) months thereafter, remove any rig, derrick, or other operating structure, and all abutments and other obstacles of every kind or size used in the operation of such oil or gas lease from the land upon which the well was theretofore operated, and shall grade the surface of the soil in such manner as to leave the land, as nearly as practicable, in the same condition after the removal of such structures, equipment, and obstacles as it was before such structures and abutments were placed thereon, *unless the owner of said land and the abandoning party have entered into a contract providing otherwise.*" (Our italics.)

Defendant contends that portion of the statute italicized above excludes this lease from the effect of the statute. The record reflects the lease is totally silent as to whose duty it is to remove debris after cessation of operations.

In determining whether the provisions of 55-132a constitute a

proper exercise of legislative police power, we turn to *Helmerich & Payne, Inc., v. Roxana Petroleum Corp.*, 136 Kan. 254, 14 P. 2d 663, where a 1927 city ordinance prohibiting the drilling of more than one oil well in a city block and providing for distribution of a share of oil produced among lot owners not permitted to drill was held *to supersede* the terms of a 1923 lease between a lessor and his lessee. The ordinance regulating the drilling and operation of oil wells within the city was passed by the city pursuant to power conferred by statute. Its purpose was to protect not only public and private property, but also the peace, good order and welfare of the city. In the opinion the problem inherent in similar oil and gas developments was very succinctly stated:

"The ruthlessness with which development of oil-producing land is prosecuted is a matter of common knowledge, and in such cases some regulation is necessary to prevent devastation of governmental, social and property interests of the city and its inhabitants." (p. 255.)

In our opinion the statute in question, 55-132a, does not undertake to, nor does it, affect the original lease contract between the parties here involved, but the statute, since it involves the public interest and is a valid enactment of the legislature, does affect and control the abandonment and quitting of the lease by the leasee, which occurred in 1959.

Our conclusion is the trial court erred in its order sustaining defendant's demurrer to plaintiff's petition. Such order is, therefore, reversed and the case remanded with directions to overrule the demurrer, to require defendant to file his answer, and to proceed with the trial of the cause.

Reversed and remanded with directions.