No. 33,264

Mrs. Josephine Harmon, Administratrix of the Estate of Louise Wray, Deceased, *Appellant*, v. William James, *Appellee* and *Cross-appellant*.

(69 P. 2d 690)

Opinion filed July 10, 1937.

*A. K. Stavely,* of Lyndon, *A. Harry Crane* and *Ward D. Martin,* both of Topeka, for the appellant.

*J. J. Schenck* and *C. P. Schenck,* both of Topeka, for the appellee and cross-appellant.

The opinion of the court was delivered by

Smith, J.: This was an action to recover money on account of an alleged oral contract. Judgment was for defendant. Plaintiff appeals.

The petition alleged that on March 15, 1915, the defendant agreed that if Louise Wray would keep house for him the remainder of his life he would give her all the property he owned at the time of his death, and that he was at the time of the filing of the petition about sixty-four years old. The petition further alleged that Louise died intestate on January 29, 1933, and that plaintiff in this case was appointed administratrix of her estate; that defendant on January 11, 1923, executed a will giving all his property to Louise and that in addition to giving her all his property he was to pay her three dollars a week for expenses and services and that there was about $2,500 due. The prayer was for $29,166 on account of the contract

to make a will and for $2,500 on account of the three-dollars-a-week contract.

The trial court sustained a motion of the defendant requiring the plaintiff to separately state and number her causes of action. The plaintiff attempted to comply with this order by filing an amended petition. Defendant filed a motion to strike this amended petition from the files for the reason that plaintiff had not complied with the order to separately state and number. This motion was sustained.

On September 12, 1935, plaintiff filed a third amended petition. In this petition she alleged the contract and that Louise performed it until her death, at which time her performance of the contract was ended, and defendant was still living and was sixty-four years old and his life expectancy was 11.67 years.

The petition then alleged that no part of the agreement had been carried out by defendant, and that Louise had received no pay for the work she had done except various sums which plaintiff was unable to state. The petition alleged that no claim was being made for any balance due on account of the agreement to pay three dollars a week. The petition also contained an allegation that defendant had made a will leaving all his property to Louise, and delivered it to Louise, and that on the death of Louise it came into possession of plaintiff. The petition then contained an allegation as to the property owned by defendant at the time of the death of Louise, and that Louise had worked for defendant under the contract from March 15, 1915, to January 29, 1933, and by reason of the time of services of Louise and the expectancy of life of defendant, the deceased at the time of her death was entitled to two thirds of the value of all the property owned by defendant at that time. This petition then alleged that the contract became irrevocable by reason of its performance by Louise, and that plaintiff was entitled to have a trust imposed upon all the property of defendant in such proportion as the period served by Louise bore to the life expectancy of defendant.

The prayer was that this contract be enforced; that defendant be decreed to hold his property subject to a trust in favor of plaintiff in such proportion as the time during which Louise performed the contract bore to the life expectancy of defendant; that this trust be declared to be a lien, and that at the death of defendant this property be applied to the satisfaction of this lien.

On the 18th day of February, 1936, the trial court sustained a de-

murrer of the defendant to this third amended petition and gave plaintiff twenty days in which to file a fourth amended petition. Plaintiff did not file an amended petition within twenty days, but waited until April 3, 1936, and on that date filed a fourth amended petition. On this petition the trial court endorsed as follows: "Permission granted to file as of time." It will be noted that this fourth amended petition was filed at a subsequent and different term of court than the one to which the demurrer was sustained. The allegations of this petition will not be set out here in view of the disposition we have concluded to make of the case. Suffice it to say that on June 9, 1936, the motion to strike this fourth amended petition from the files, on the ground that the court had no authority to permit it to be filed at a subsequent term, was argued, and on June 10, 1936, this motion was overruled. Thereupon a motion of defendant to make the fourth amended petition definite and certain was filed. On June 10, 1936, counsel for plaintiff offered to comply with one point on this motion and did comply with it, and the balance of the motion was overruled by the trial court. Thereupon the defendant filed a demurrer to the fourth amended petition. Briefs have been filed by both plaintiff and defendant on this demurrer, but it has not yet been disposed of by the trial court.

While this demurrer was pending undisposed of and on August 13, 1936, plaintiff obtained from the trial court leave to amend her fourth amended petition. This amendment was made by interlineation.

On August 17, 1936, plaintiff appealed from the order of the trial court sustaining the demurrer of defendant to the third amended petition. This is the appeal which is now before this court. Thereafter defendant filed a cross-appeal from the order of the trial court permitting plaintiff to file her fourth amended petition at a subsequent term and permitting her to amend her fourth amended petition. This cross-appeal is now also before the court.

Defendant has filed a motion to dismiss the appeal of plaintiff for the reason that she waived her right to appeal from an order sustaining a demurrer by filing a fourth amended petition and asking further relief from the trial court after the demurrer had been sustained. The argument of the plaintiff in her appeal is that she stated a good cause of action in her third amended petition.

The general rule is stated in 4 C. J. S. 396, as follows:

"A party who voluntarily acquiesces in, ratifies, or recognizes the validity

of, a judgment, order, or decree against him, or otherwise takes a position which is inconsistent with the right to appeal therefrom, thereby impliedly waives, or is estopped to assert, his right to have such judgment, order, or decree reviewed by an appellate court; and this rule has been held to apply where the acquiescence or ratification was either partial or in toto."

See, also, 4 C. J. S. 399, where the rule is laid down as follows:

"As a general rule, if a party, after an order or judgment upon demurrer to pleadings is given against him, under leave of court, amends the pleading demurred to, or substitutes another therefor so as to remove the grounds of the demurrer, he acquiesces in the judgment or order upon the demurrer, and will not be permitted to appeal therefrom. . . ."

In *Robertson v. Christenson*, 90 Kan. 555, 135 Pac. 567, the issues had been made up and a trial had resulted in a verdict in favor of the defendant. On motion of plaintiff a new trial was granted. The defendant then filed an amended and supplemental answer in which he alleged much new matter. On motion of the plaintiff this amended and supplemental answer was stricken from the files. The defendant appealed from this order. This court considered whether the defendant had a right to file the amended answer, but because it appeared that a second amended and supplemental answer had been filed and was on file when the appeal was being heard it was held that the appeal should be dismissed. The court said:

"It appears, however, that after this ruling a second supplemental and amended answer was filed by appellant, in which he alleged most of the facts set up in the stricken answer. That pleading stands unchallenged on the files and supersedes the one stricken out. By filing the last amended and supplemental answer any error in the ruling upon the first is deemed to be waived." (p. 556.)

To the same effect is the holding of this court in *Miles v. Hamilton*, 106 Kan. 804, 189 Pac. 926. In this case after the demurrer to the third amended petition was sustained the plaintiff restated the cause of action by alleging the same general state of facts, with some additions in detail. At several stages of the proceedings she appeared in the trial court and urged her right to do this. Thus, while this appeal is being urged in this court another petition on substantially the same state of facts is pending in the trial court.

We have concluded that the motion of defendant to dismiss the appeal of plaintiff should be sustained.

There remains the cross-appeal of defendant. On account of the view we have taken of the appeal of plaintiff we shall not consider the argument of defendant that the third amended petition did not

state a cause of action, but will consider the question of whether the court had jurisdiction to permit the filing of a fourth amended petition. In this connection it must be remembered that no final disposition of the case had been made between the sustaining of the demurrer to the third amended petition on February 18, 1936, and the filing of the fourth amended petition on April 3, 1936. It simply stood on the docket as a case of which no disposition had been made. During all that time the case was subject to a motion of defendant for costs or some similar motion. No such motion was filed and no final judgment was entered. Several opinions of this court are cited and relied upon by defendant holding that where a trial court had rendered a final judgment during one term the court was without authority to vacate or modify that judgment at a subsequent term except as provided by the terms of G. S. 1935, 60-3005 and 60-3007. These authorities are not in point here. In those cases the judgment that was sought to be vacated or modified was a final judgment. In this case the order sustaining the demurrer to the third amended petition was not a final judgment. By its very terms it provided for the filing of an amended petition within twenty days. A journal entry with such a provision cannot be held to be a final judgment. The statutes differentiate between a judgment and an order sustaining or overruling a demurrer. Thus G. S. 1935, 60-3302, provides, among other things, that a final order is appealable and an order overruling or sustaining a demurrer is appealable. In G. S. 1935, 60-3303, it is provided that the final order that is appealable is one that affects a substantial right in an action when such order in effect determines the action and prevents a judgment.

G. S. 1935, 60-756, provides as follows:

"The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; but notice of such amendment shall be served upon the defendant or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

G. S. 1935, 60-759, provides as follows:

"The court or judge may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform in any respect to the

provisions of this code, the court or judge may permit the same to be made conformable thereto by amendment."

G. S. 1935, 60-761, provides as follows:

"If the demurrer be sustained, the adverse party may amend, if the defect can be remedied by way of amendment, with or without costs, as the court or judge in its discretion shall direct."

We hold that these statutes confer authority on the trial court to permit the filing of an amended petition at a term subsequent to the one at which a demurrer to a petition is sustained, and that the trial court had authority to permit the filing of the fourth amended petition in this case.

The appeal of the plaintiff is dismissed and the judgment of the trial court from which the cross-appeal of defendant was taken is affirmed.