No. 34,293

THE GAS SERVICE COMPANY, *Appellee,* v. THE CONSOLIDATED GAS UTILITIES CORPORATION, *Appellant.*

(96 P. 2d 608)

Opinion filed December 9, 1939.

*Earle W. Evans, Joseph G. Carey, W. F. Lilleston, George C. Spradling, Henry V. Gott, George Stallwitz, A. M. Buzzie* and *Paul J. Donaldson,* all of Wichita, for the appellant; *Conrad C. Mount,* of Oklahoma City, Okla., of counsel.

*A. M. Ebright, P. K. Smith, R. A. Hickey,* all of Wichita, and *Robert D. Garver,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

HOCH, J.: This was an action for recovery of damages. The case is here on appeal by the defendant from an order of the court overruling defendant's motion for judgment on the pleadings.

The first question presented is whether the order from which the appeal was taken is an appealable order.

G. S. 1935, 60-3302, which deals with the jurisdiction of this court, is in part as follows:

"The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, or of any other court of record, except a probate court. *First,* A final order. *Second,* An order . . . that sustains or overrules a demurrer. *Third,* An order that involves the merits of an action, or some part thereof."

G. S. 1935, 60-3303, defines a final order as follows:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment."

The motion read as follows:

"Comes now defendant and moves the court to enter judgment in its favor and against the plaintiff on the pleadings filed herein for the reason that such pleadings disclose that plaintiff is not entitled to recover from the defendant and the defendant is entitled to judgment.

"The defendant reserves all of its rights in the presentation of evidence and proof and hearing upon the merits of the issues involved in this cause, in the event it should be determined that final judgment should not be entered pursuant to this motion."

Both parties base their argument on interpretation of the second paragraph of the motion in which defendant attempted to reserve certain rights. The appellant contends that the only purpose of the second paragraph was to make certain that opportunity would remain to try out issues of fact in the event the issue of law presented by the motion should be decided against it. Appellee contends that the paragraph attempts to reserve *issues of law* as well as issues of fact; that the motion was not an unconditional submission, and that therefore no appeal lies from the order overruling it. But we shall concern ourselves very little with these divergent interpretations of the second paragraph, since they do not present, in our opinion, the primary question of appealability. We need only say that if the paragraph only reserved the right to present facts, the appellant would have had that right without reserving it, and that, on the other hand, it is not clear what *issue of law* could have been reserved, since the very purpose of the motion was to submit for determination an issue of law. If appellant's contention is correct,

the motion was in effect an ordinary motion for judgment on the pleadings, and for our present purpose we shall so treat it.

What was the situation presented by the pleadings? The amended petition alleged certain facts. The answer admitted certain allegations of fact, denied others, and alleged other facts. The plaintiff's reply denied generally all allegations of the answer in conflict with the allegations of the amended petition.

Certainly the motion did not invoke any judgment of the court as to disputed facts. If it presented a question of law only, the allegations of fact in the petition must be taken as true for the purpose of the motion, as in the case of demurrer to a pleading. (*Smith v. Jones,* 145 Kan. 892, 67 P. 2d 506.) In fact, the appellant urges that a motion for judgment on the pleadings is to be treated as a demurrer, and cites decisions of this court which so treat it in holding that an appeal may be taken from it. In *Smith v. Lundy,* 103 Kan. 207, 173 Pac. 275, a leading case relied upon, the motion for judgment on the pleadings was treated as a demurrer because it invoked the judgment of the trial court "upon questions of law as applied to the pleaded and *conceded facts.*" (Italics ours.) The same is true of other cases examined. If treated as a demurrer, the motion must, of course, concede the facts alleged in the pleading of opposing party. Similarly, it has been held that an order striking certain allegations from a petition must amount to the sustaining of a demurrer in order to be appealable. (*Redfield v. Chelsea Coal Co.,* 138 Kan. 373, 26 P. 2d 579.) Plainly, the order overruling the motion is not appealable on the ground that it constitutes "a final order." Its effect was not to "determine the action" or "prevent a judgment." If appealable, it must be because it is equivalent to the overruling of a demurrer, which is' made appealable by the statute (G. S. 1935, 60-3302, *supra*). So treated, we think the facts shown by the record are fatal to appellant's contention.

The record discloses that on December 1, 1937, the defendant demurred to the amended petition, and that no appeal was taken from the order of the court entered on May 16, 1938, overruling the demurrer. The motion for judgment was filed October 22, 1938, overruled on January 17, 1939, and notice of appeal filed January 19, 1939.

We discern no question of law which had not been presented by the demurrer. Time permitted for perfecting an appeal from the order overruling the demurrer expired on November 16, 1938. (G. S.

1935, 60-3309.) The time limit for taking appeal could not be extended by subsequent filing of a motion, differing in form only, which raised precisely the same issue of law previously ruled upon.

If it be contended that the appeal may be taken under specification *Third* in section 60-3302, *supra*, that contention is likewise of no avail, because if the order overruling the motion did "involve the merits of an action or some part thereof" the same issue was previously raised by the demurrer.

Under the facts of the case no appeal lies from the order complained of, and the appeal must be dismissed. It is so ordered.