No. 34,716

GEORGE E. MILLER, WILLIAM SITES and DAVE SHOWALTER, as Individuals and as Trustees of and for HECTOR LODGE No. 31, KNIGHTS OF PYTHIAS, *Appellees*, v. THE SUNFLOWER RECREATION SOCIETY, *Appellant*.

(101 P. 2d 891)

Opinion filed May 4, 1940.

*W. H. Vernon* and *Vincent G. Fleming,* both of Larned, for the appellant.

*George W. Finney, Maurice A. Wildgen* and *Blaine Roberts,* all of Larned, for the appellees.

The opinion of the court was delivered by

ALLEN, J.: This action was to set aside a deed on the ground of fraud. The original petition was filed March 27, 1937. A demurrer to the petition was sustained.

Thereafter divers motions and demurrers were leveled at the first, second and third amended petitions filed by plaintiffs. Details are not here important.

On September 6, 1938, the fourth amended petition was filed. Seven separate causes of action were pleaded. A demurrer to the fourth amended petition was overruled on January 23, 1939. No appeal was taken from the order overruling the demurrer.

On May 5, 1939, defendant filed an answer. The answer admitted certain facts alleged in the petition, denied others, and alleged various facts in answer to the separate causes of action in the petition. On August 31, 1939, plaintiffs filed a reply.

Thereupon the defendant filed a motion for judgment on the pleadings. On November 6, 1939, this motion was denied. This appeal is from the order and ruling of the court overruling defendant's motion for judgment on the pleadings.

Plaintiffs have filed a motion to dismiss the appeal. The motion must be sustained.

Ordinarily a motion for judgment on the pleadings has the effect of a demurrer. The defendant is in this dilemma: If the motion is not to be treated as a demurrer it is not an appealable order. If we are to consider the motion as equivalent to a demurrer, then it is merely a second challenge to the sufficiency of the petition. Our code does not provide for a second demurrer to the same petition. No appeal was taken from the order on November 6, 1939, overruling the demurrer. The time for perfecting an appeal cannot be extended by filing a subsequent motion having the effect of a demurrer. The case cannot be differentiated from our recent case of *Gas Service Co. v. Consolidated Gas Utilities Corp.,* 150 Kan. 715, 96 P. 2d 608. See, also, *Thresher Co. v. Nelson,* 106 Kan. 716, 189 Pac. 907; *Tarnstrom v. Olson,* 150 Kan. 528, 95 P. 2d 352. Under the ruling in the Gas Service Co. case, *supra,* the appeal must be dismissed. It is so ordered.