No. 34,776

CLAUDE E. SOWERS, *Appellee*, v. BERT C. WELLS, *Appellant*.

(102 P. 2d 980)

Opinion filed June 8, 1940.

*William J. Wertz, Vincent F. Hiebsch, Forest V. McCalley* and *Milton Zacharias,* all of Wichita, for the appellant.

*Clarence R. Sowers* and *Claude E. Sowers,* both of Wichita, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant's motion for judgment on the pleadings was denied, and he appeals. The plaintiff insists that the motion for judgment presents the same question previously raised by a demurrer to his petition and moves that the appeal be dismissed.

Sometime prior to December 17, 1938, plaintiff filed his petition seeking to recover damages for alleged slanderous statements made by the defendant. To that petition the defendant interposed a demurrer on the ground the petition did not state facts sufficient

to constitute a cause of action. On December 17, 1938, that demurrer was overruled. No appeal was taken from that ruling. Thereafter the defendant answered. From a ruling striking out a portion of the answer an appeal was taken to this court where the ruling of the trial court was affirmed (*Sowers v. Wells*, 150 Kan. 630, 95 P. 2d 281). Thereafter the plaintiff filed his reply, which contained general and specific denials of the allegations of the answer and alleged the answer failed to state a defense. Thereafter the defendant filed his motion for judgment on the pleadings. It is from an adverse ruling on this motion the present appeal was brought.

In his brief, appellant treats the motion for judgment as though it were a demurrer and confines his argument to the sufficiency of the allegations of the petition to state a cause of action. For all practical purposes the situation here presented is like that considered in *Gas Service Co. v. Consolidated Gas Utilities Corp.*, 150 Kan. 715, 96 P. 2d 608, where it was held:

"Appeal may be taken from an order overruling a motion for judgment on the pleadings only where it can be said, on the record, that the motion concedes the facts well pleaded by the opposing party, and thus is equivalent to a demurrer.

"Appeal may not be taken from an order overruling a motion for judgment on the pleadings where a demurrer which raised the same question of law had previously been overruled and no appeal therefrom had been perfected in time." (Syl. ¶¶ 1, 2.)

And see, also, *Miller v. Sunflower Recreation Society*, 151 Kan. 930, 101 P. 2d 891, to the same effect.

Following the reasoning of the above cases, the appeal must be dismissed. It is so ordered.