No. 40,384

JAMES E. HARRIS, *Appellant*, v. CITY OF TOPEKA, KANSAS, *Appellee*.

(308 P. 2d 88)

Opinion filed March 9, 1957.

*Sam A. Crow*, of Topeka, argued the cause, and *Jacob A. Dickinson, David Prager*, and *William W. Dimmitt, Jr.*, all of Topeka, were with him on the briefs for the appellant.

*James H. Hope*, of Topeka, argued the cause, and *Frederic J. Carman* and *Malcolm G. Copeland*, both of Topeka, were with him on, the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This is an action in which plaintiff seeks to recover overtime for services and labor alleged to have been performed for the City of Topeka. In the court below defendant filed a motion to make the petition more definite and certain in two particulars and to strike certain allegations of the same pleading. When this motion was sustained in its entirety plaintiff, ignoring rulings on other portions of such motion, gave notice that he was appealing from the order sustaining the motion to strike and now seeks review of that particular ruling as a final order.

At the outset, it may be stated, our first question is to determine jurisdiction, *i. e.*, whether the appeal is from an appealable order, and that in determining it we are limited to the record presented, notwithstanding the parties discuss other matters touching the merits of the cause in their briefs and on oral arguments.

All that we have before us on the point now under consideration is to be found in the petition, the motion and the journal entry of judgment.

Omitting formal averments, allegations respecting the status of the parties and the prayer, the petition reads:

"III.

"That claim for overtime wages or salary was filed by the plaintiff against the City of Topeka, as provided by G. S. 1949, 12-105, as amended, on the 8th day of November, 1955, and that the claim was denied by the City of Topeka.

"IV.

"That from April 1, 1950 to October 5, 1955, plaintiff was employed by the defendant as a continuous full time employee; that plaintiff was discharged by defendant on October 5, 1955.

"V.

"That said overtime services and labor performed by plaintiff while he was employed by the defendant consisted of the following, to-wit:

|  |  | Overtime hours |
| --- | --- | --- |
| 1. | Sept. 10, 1950 to Dec. 12, 1950 | 324 |
| 2. | March 6, 1951 to July 10, 1951 | 436 |
| 3. | March 1, 1952 to Dec. 15, 1952 | 992 |
| 4. | March 11, 1953 to June 23, 1953 and Sept. 2, 1953 to Dec. 2, 1953, | 185 |
| 5. | March 8, 1954 to June 23, 1954 and Sept. 14, 1954 to Dec. 21, 1954, | 181 |
| 6. | March 5, 1955 to June 28, 1955 | 99 |

2217

"That said overtime labor and services were performed at the oral request of the defendant; that said services consisted in part of boiler tending at defendant's plant; that the reasonable value of plaintiff's overtime labor and services as boiler tender for defendant is $1.25 per hour; that defendant is indebted to plaintiff in the sum of $2771.25 for overtime labor and services performed for the defendant at the special instance and request of the defendant.

"Plaintiff further alleges that he has made numerous demands on defendant; that defendant neglects and refuses to pay for said overtime services and labor.

The motion directed against the petition reads:

"MOTION

"Comes now the defendant, The City of Topeka, and moves the court for an order requiring plaintiff to make his petition more definite and certain in the following respects, to-wit:

"1. In paragraph 5 beginning on line 4 the schedule is set out in 6 counts showing accumulation of overtime hours between certain dates set out therein and plaintiff should be required to specifically set out the days on which this alleged overtime was earned and in what amount.

"2. In the 5th section, paragraph 2, plaintiff states 'that said services consisted in part of boiler tending at defendant's plant'; plaintiff is requested to set out what services the plaintiff did perform in performing this overtime labor.

"That the defendant, City of Topeka, further moves the court for an order to strike from section 5, paragraph 1, numbers 1 through 5, setting out the overtime hours as not being in compliance with the statute concerning claims."

The trial court's ruling with respect to the motion just quoted is best reflected in the journal entry which, after recitals respecting the date of the hearing, appearances for the parties and arguments by counsel, reads as follows:

"Now on this 10th day of April, 1956, the court having considered the motion of the defendant and being duly advised in the premises finds that said motions of the defendant should be sustained.

"IT IS THEREFORE BY THE COURT ADJUDGED AND DECREED that the motions of the defendant, City of Topeka, be, and the same are hereby sustained. *Plaintiff is granted fifteen days to amend.*" (Emphasis supplied.)

Having set forth the entire record it becomes apparent that all three grounds of the motion are directed at paragraph V of the petition and that each such ground was sustained as requested with permission to file an amended petition within fifteen days. Under such circumstances, particularly in view of the fact that under the ruling on the first ground of the motion plaintiff was required to specifically set out the days on which the alleged overtime was earned and in what amount and that the rulings on all three grounds of the motion were made with leave to amend within the period of time heretofore mentioned, we are constrained to hold that the

ruling striking the involved portions of paragraph V from the petition was not a final order, within the meaning of that term as defined in G. S. 1949, 60-3303, but on the contrary falls squarely within the established rule of this jurisdiction that rulings on motions to strike and make definite and certain rest in the sound discretion of the trial court and are not appealable unless they affect a substantial right and in effect determine the action. See *Barnhouse v. Rowe,* 178 Kan. 248, 284 P. 2d 618; *Vogt v. Drillers Gas Co.,* 178 Kan. 146, 283 P. 2d 442; *Meek v. Ames,* 175 Kan. 564, 266 P. 2d 270, and other decisions cited at page 567 of the opinion. For numerous other cases of like import see Hatcher's. Kansas Digest [Rev. Ed.], Appeal & Error, § 20; West's Kansas Digest, Appeal & Error, §§ 78[3], 93. Indeed, to hold otherwise would require us to speculate as to what the trial court meant by holding that the third ground of the motion should be sustained on the basis therein specified and of a certainty would not warrant us in assuming, that in making that ruling while at the same time granting the plaintiff permission to make paragraph V of the petition more definite and certain by amendment in the same particulars, it intended that its order striking such allegations should have the force and effect of determining the action.

Based on what has been heretofore stated we hold that the record discloses no appealable order, hence questions raised in the briefs and on oral arguments cannot be determined and the appeal should be dismissed.

It is so ordered.