No. 40,463

BEATRICE FARRAN, a Minor, By and Through Her Father, CLARENCE R. FARRAN, Her Natural Guardian and Next Friend, *Appellant*, v. W. F. PETERSON, STELLA PETERSON, and M. H. WALKER, *Appellees*.

(309 P. 2d 677)

Opinion filed April 6, 1957.

*James S. Phillips* and *Oren Gray,* both of Parsons, argued the cause and were on the briefs for the appellant.

*Glenn Jones,* of Parsons, argued the cause and was on the briefs for M. H. Walker, appellee. *John B. Markham,* of Parsons, argued the cause and *Elmer W. Columbia* and *Herman W. Smith, Jr.,* both of Parsons, were with him on the briefs for W. F. Peterson and Stella Peterson, appellees.

The opinion of the court was delivered by

PRICE, J.: This is an action by a minor, through her father and next friend, to recover for personal injuries sustained as the result of the alleged negligence of defendants. The appeal is by plaintiff from orders sustaining separate demurrers to the second amended petition and striking the third cause of action from the third amended petition.

In February, 1952, the parents of plaintiff rented a second-floor apartment in a building in Parsons from defendants Peterson, the owners thereof. The first floor of the building was occupied by a grocery store but was vacated in December, 1953. At the rear of the building there was a yard approximately thirty-five feet long and twenty-eight feet wide in which there were clotheslines and a trash burner for the use of the occupants of the second-floor apartments.

In December, 1953, defendants Peterson employed defendant Walker, a contractor, to remodel the lower floor of the building. In the process of the remodeling work, Walker disposed of old equipment, rubbish, old unused lumber and other debris by throwing and scattering it in disorderly loose heaps on a portion of the yard at the rear of the building. The remodeling work was completed on or about January 4, 1954, and the debris was left on the premises by Walker in the condition above mentioned.

During the month of January, 1954, plaintiff's mother orally notified defendants Peterson that the trash and rubbish was dangerous to the tenants and their families living in the second-floor apartments, and that it should be removed. On February 15, 1954, plaintiff, a seven-year-old child, while playing on the pile of trash and debris, which was four feet high, fell and suffered a broken leg.

The second amended petition alleges that defendant Walker, the contractor, acting as the agent, servant and employee of defendants Peterson, was guilty of negligence, recklessness and carelessness in throwing and scattering the debris, old equipment, rubbish and old lumber on the premises and leaving it there, thereby

creating a hazard and *attractive nuisance* to the children using the yard and accustomed to playing therein. It is further alleged that each of the defendants had notice of and knew that among the tenants of the building were children under ten years of age who might be attracted or lured into danger when playing or climbing upon the loose piles of debris and old equipment, and that by leaving the same on the premises there was created a booby trap, a death trap and an *attractive nuisance* and hazard to the children accustomed to playing in the yard.

It was further alleged that each of the defendants was guilty of negligence, recklessness and carelessness in failing to properly stack the debris in an orderly manner so that it would not topple and easily fall, and in leaving such materials in the play yard of plaintiff in such condition that she, or any other child accustomed to playing in the yard, would easily fall, and in failing to fence or place barriers around the same so as to provide a suitable safeguard.

Allegations with respect to the extent of plaintiff's injuries and medical expense in connection therewith need not be set out.

Defendant Walker filed a demurrer to the second amended petition on the ground it did not state facts sufficient to constitute a cause of action against him and in favor of plaintiff.

Defendants Peterson filed a joint demurrer to the second amended petition on the same ground as did defendant Walker.

Each of these two demurrers was sustained and plaintiff was granted twenty days in which to amend.

In compliance with this ruling, plaintiff, within time, filed her third amended petition, alleging three separate causes of action. In substance, it may be said the *first* cause of action charges each of the defendants with *negligence* in creating and permitting the alleged dangerous condition to exist. The *second* cause of action alleges that each of the defendants was guilty of maintaining a *nuisance* with respect to the dangerous condition. The *third* cause of action alleges negligence on the part of all defendants in the creation and maintenance of an *attractive nuisance.*

Defendant Walker then filed a motion to strike the *third* cause of action from the *third* amended petition on the ground that such cause of action was repetitious of the cause of action set forth in the second amended petition, to which his demurrer had previously been sustained. Defendants Peterson filed a similar motion.

Each of these motions to strike was sustained and plaintiff was given twenty days in which to amend.

Following this ruling plaintiff appealed from the orders sustaining the separate demurrers to the second amended petition and from the orders striking the third cause of action from the third amended petition.

The rulings in question are specified as error.

In support of the trial court's rulings defendants make three contentions. The first is that plaintiff cannot be heard on the question whether the demurrer to the second amended petition was correctly sustained—first, because she has failed to brief or argue her specification of error relating to that ruling, and, secondly, instead of appealing from the order sustaining the demurrer she acquiesced in the court's order and filed an amended petition. The second contention is that the theory of plaintiff's second amended petition was the creation and maintenance of an attractive nuisance, and that inasmuch as the third cause of action in the third amended petition contained substantially the same allegations such cause of action was properly stricken from the subsequent pleading under the rule stated in *Fidelity Hail Ins. Co. v. Anderson,* 172 Kan. 253, 239 P. 2d 830. Thirdly, it is contended that in no event is a cause of action under the doctrine of attractive nuisance stated in either the second amended petition or the third cause of action in the third amended petition.

Plaintiff, on the other hand, confines her argument to the sole proposition, and states the question to be:

"The question before the court at this time is whether the third cause of action of the third amended petition states a cause of action for damages for personal injuries suffered by a 7 year old girl, which appellant contends it does, based on the turntable doctrine of attractive nuisance."

As we read the briefs, it is apparent that counsel for both sides, and the trial court, considered the second amended petition solely from the standpoint of whether it stated a cause of action under the doctrine of an *attractive nuisance.* It is further apparent that all parties considered the third cause of action in the third amended petition in the same light, and, having sustained the demurrers to the second amended petition, the trial court therefore struck the third cause of action contained in the third amended petition.

Concededly, the matter is somewhat confused from a procedural standpoint and presents at least two avenues of approach. In either event, however, we arrive at the same result, in view of our ultimate disposition of the overall question for decision.

G. S. 1949, 60-761, provides that if a demurrer be sustained the adverse party may amend if the defect can be remedied by way of amendment. At the time it sustained the demurrers to the second amended petition the trial court granted plaintiff twenty days within which to amend. Plaintiff acquiesced in that order and within time filed her third amended petition. In *Harmon v. James*, 146 Kan. 205, 69 P. 2d 690, it was held:

"Where a demurrer to a petition is sustained and the plaintiff is given time within which to file an amended petition, and subsequently, with the consent of the trial court, does file an amended petition, the plaintiff cannot, while the amended petition is pending, appeal from the order sustaining the demurrer." (Syl. 1.)

A somewhat analogous situation was present in *Baldwin v. Fenimore*, 149 Kan. 825, 89 P. 2d 883, in which it was said that the plaintiff may not complain nor may the defendant take advantage of the ruling on the demurrer because of the fact that at the time of the ruling time to plead further was given, and under such circumstances there was no final judgment.

Under the circumstances, we think the ruling on the demurrer to the second amended petition is not properly before us for review for the reason that plaintiff's action in filing the third amended petition, pursuant to the court's permission so to do, constituted, from a practical standpoint, an acquiescence in the judgment and ruling.

This brings us, therefore, to the propriety of the ruling striking the third cause of action from the third amended petition.

The general rule is that motions to strike rest in the sound discretion of the trial court, and that, ordinarily, rulings thereon are not appealable unless they affect a substantial right and in effect determine the action. (*Billups v. American Surety Co.*, 170 Kan. 666, 670, 671, 228 P. 2d 731; *Boettcher v. Criscione*, 180 Kan. 39, 299 P. 2d 806.) Here, however, we think it may not be said that the ruling striking the third cause of action from the third amended petition did not affect a substantial right of plaintiff. The practical effect of the ruling was to deprive plaintiff of her theory of recovery based upon the doctrine of an attractive nuisance. We therefore think that plaintiff is entitled to have the ruling reviewed.

As previously stated, there appears to be no doubt but that the trial court and all parties considered the second amended petition solely from the standpoint of whether it stated a cause of action based on the doctrine of *attractive nuisance*, and plaintiff does not contend otherwise. Demurrers to that petition were sustained.

Plaintiff then acquiesced in the ruling and filed the third amended petition, as the court permitted. The third cause of action in that subsequent pleading attempted to plead the identical cause of action in substantially identical language as that contained in the second amended petition. The basis of the motion to strike this cause of action, and of the court's ruling thereon, is clear—it was contended, and the court held—the matter so alleged was repetitious of the cause of action set forth in the second amended petition to which demurrers had previously been sustained.

In *Fidelity Hail Ins. Co. v. Anderson,* supra, it was held:

"Where a demurrer has been sustained to a petition on the ground it fails to state a cause of action and the plaintiff files an amended petition containing allegations so similar they substantially repeat what was set forth in the original pleading a trial court does not commit error in sustaining a motion to strike the amended pleading from the files." (Syl.)

The court did not err in sustaining the motions to strike the third cause of action.

Because of the various contentions made and the somewhat unusual state of the pleadings, we feel that our decision should be clarified by this one further statement. On the record presented, plaintiff now has on file in the court below a third amended petition containing two causes of action, the legal sufficiency of which is not before us in this appeal. Our decision is limited and confined to the third cause of action of that pleading, and the orders striking it are affirmed.