No. 41,013

THE R. W. RINE DRILLING COMPANY, a Corporation, *Appellee*, v. HENRY POPP, d/b/a HENRY POPP SALVAGE YARD, *Appellant*, DONALD E. WARE and UNITED STATES FIDELITY AND GUARANTY COMPANY, a Corporation, *Appellees*.

(334 P. 2d 426)

Opinion filed January 24, 1959.

*Tudor W. Hampton,* of Great Bend, argued the cause, and *Jerry M. Ward* and *J. W. Hannah,* both of Great Bend, were with him on the briefs for the appellant.

*Boyce P. Hardman,* of Great Bend, argued the cause, and *Herbert Diets,* of Great Bend, was with him on the briefs for Donald E. Ware, appellee.

*A. W. Hershberger, J. B. Patterson, Richard Jones,* and *Wm. P. Thompson,* all of Wichita, *R. C. Russell, Isabel Obee,* and *Don C. Foss,* all of Great Bend, were on the briefs for the R. W. Rine Drilling Company and United States Fidelity and Guaranty Company, appellees.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order and judgment of the district court of Barton County, striking from its files a pleading designated by defendant as his third amended counter-claim and petition.

At the outset it should be stated a detailed historical review of the facts, events and proceedings, on which the propriety of the order and judgment complained of must stand or fall, is necessary and required in order to insure a proper understanding of the disposition to be made of what we have determined, from an extended examination of the record, is the all decisive question involved under the existing facts and circumstances. It should also be added that in making such review we shall hereinafter refer to the plaintiff, The R. W. Rine Drilling Company, a corporation, as Rine; the defendant Henry Popp d/b/a Henry Popp Salvage Yard, as Popp; and to Donald E. Ware and United States Fidelity and Guaranty Company, a corporation, as Ware and USFGC, respectively.

January 21, 1954, Rine instituted an action against Popp to collect payment under an oral contract for junk iron sold and delivered. At or about the same time he levied an attachment on personal property located at Popp's Salvage Yard. Thereafter Popp filed a motion to vacate the attachment on grounds the sheriff had failed to make a proper return. This motion was sustained.

On April 23, 1954, Popp, who had previously filed an answer to the petition, filed what he designated as a counterclaim and petition against Rine seeking damages alleged to have been sustained as the result of the attachment. Rine then filed a motion requesting that the court rescind its order setting aside the attachment. This motion was sustained and Ware, as sheriff, was directed to levy another attachment. Ware complied with this order on April 28, 1954, but his official return on the attachment papers disclosed he had failed to have the appraisers sign the report and file an oath and inventory as provided for by statute. Thereupon Popp filed a second motion to have the attachment set aside which was sustained.

Rine answered Popp's counterclaim and petition on January 7, 1955, and then moved for judgment on the pleadings. Before any ruling was made on such motion Popp filed a motion to make Ware and USFGC additional parties defendant. This motion was sustained. On May 24, 1955, with permission from the court, Popp filed his first amended counterclaim and petition wherein he made Ware and USFGC defendants and sought recovery of damages from Rine, Ware and USFGC for wrongful attachment, based upon failure of the sheriff to file a return showing a proper levy of attachment. Ware and USFGC each demurred to this pleading for the reason it failed to state a cause of action against them. These demurrers were sustained and, on October 17, 1955, the court gave Popp twenty days in which to amend his amended counterclaim and petition.

Later, and on November 1, 1955, Popp filed a second amended counterclaim and petition which, according to unrefuted claims made in the counter abstract, was substantially the same as the first amended counterclaim and petition to which the court had sustained the above mentioned demurrers. Ware attacked this pleading by a lengthy motion to strike divers paragraphs thereof and to make others more definite and certain. On December 20,

1956, the court sustained such motion in its entirety, giving Popp twenty days in which to amend.

Following the last indicated action Popp did not amend his pleading within the time granted. Instead he perfected an appeal from the ruling on Ware's motion, which was docketed in this court as case No. 40,632. Thereafter Ware moved to dismiss this appeal for failure to comply with our rules. Such motion was sustained on May 21, 1957. Three days later, on May 24, 1957, Popp filed a motion in the office of the clerk of the district court asking leave to file an amended counterclaim and petition out of time. This motion recited that the appeal from the district court's ruling on December 20, 1956, had just been completed and he should now be granted the right to file such a pleading. Subsequently, and on May 25, 1957, without obtaining a ruling on such motion and without any permission whatsoever he filed a third amended counterclaim and petition in the district court.

In passing it is to be noted that, except for an increase in the amount of damages claimed for the alleged wrongful attachment, a careful analysis of the allegations of Popp's third amended counterclaim and petition, when compared with those of his second amended counterclaim and petition, discloses substantially the same allegations. In other words for all practical purposes, from the standpoint of stating a cause of action for wrongful attachment, the allegations of his third amended pleading were no different in substance than those to be found in his second amended pleading, to which the trial court had previously sustained the heretofore mentioned motion to strike and make more definite and certain.

On June 6, 1957, Ware filed a motion in the office of the clerk of the district court to strike the third amended counterclaim and petition from the records for the reason the previous decision of that tribunal, sustaining the motion to make more definite and certain and to strike, was *res judicata*, and for the further reason that the statute of limitations barred the commencement of any new action. Thereafter Rine and USFGC orally joined in this motion. On the same day Popp filed a motion to reinstate case No. 40,632 in this court. That motion was allowed on June 15, 1957, and the order dismissing the case was rescinded with leave to renew Ware's motion to dismiss the appeal at the hearing on the merits of the cause. Subsequently, and on September 3, 1957, Popp filed a motion to dismiss the appeal in case No. 40,632. This motion was allowed and the appeal dismissed on September 6, 1957.

On September 24, 1957, the motion to strike came on for hearing before the district court, all parties being present by counsel who argued the cause. Thereupon, after stating it had read the written briefs theretofore filed in the case, had heard and considered arguments by counsel, was familiar with the files, and was fully advised in the premises, the trial court announced that it had arrived at a decision on the motion for an order striking from the files the third amended counterclaim and petition of the defendant Popp; that it was sustaining that motion; and that in connection with its decision and judgment it found:

"That the court has previously sustained a motion to make more definite and certain and to strike filed by the defendant Donald E. Ware, against the second amended counter claim and petition filed herein by the defendant, Henry Popp, dba Henry Popp Salvage Yard; that although the order sustaining said motion was in general language, the court actually predicated it upon each and every one of the grounds set forth therein; and that by reason thereof the motions of the defendants, Donald E. Ware and United States Fidelity and Guaranty Company and of the plaintiff, The R. W. Rine Drilling Company, should be sustained for each of the reasons set forth in the written motion of defendant, Donald E. Ware, and adopted by the defendant, United States Fidelity and Guaranty Company, and plaintiff, The R. W. Rine Drilling Company."

Thereafter, and within proper time, Popp gave notice that he was appealing from the ruling, order, decision and judgment of the district court sustaining the motion, filed by plaintiff Rine and defendants Ware and USFGC, to strike his third amended counterclaim and petition from the files.

Conceding he has never obtained leave from the trial court to file his third amended counterclaim and petition the very first contention made by appellant is that, since no answer had been filed by any of the appellees to his second amended counterclaim and petition, no such leave was necessary or required because of the provisions of G. S. 1949, 60-756, which read:

"The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; but notice of such amendment shall be served upon the defendant or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

In essence, the basis on which appellant founds all arguments raised on this point is that the provisions of the statute just quoted are to be construed as having application to a defendant who, pursuant to the provisions of G. S. 1949, 60-710, has filed an answer to the plaintiff's petition in which he has included new matter con-

stituting a defense, counterclaim or set off and then, pursuant to G. S. 1949, 60-712, has sought and obtained permission from the court to make additional parties defendant and has been granted the right, in the same action, to file a new pleading in which he seeks affirmative relief from such defendants as well as the plaintiff. We are unable to agree with appellant's construction of the heretofore quoted section of our code of civil procedure. In our opinion its terms are clear and unequivocal, mean just what they say, and must be construed as limited strictly to amendments made to a plaintiff's petition. Of a certainty to hold otherwise under the related facts of this case, particularly since it must be conceded that in sustaining the motion to strike and make the second amended counterclaim and petition more definite and certain the trial court specified appellant had twenty days in which to amend that pleading, would do violence to the long established rule of law in this state (See Hatcher's Kansas Digest [Rev. Ed.], Pleading, § 122; West's Kansas Digest, Pleading, § 236) that permitting or refusing amendments to pleadings is within the sound discretion of the trial court.

We now turn to the all decisive issue raised by this appeal, i. e., whether the trial court's ruling, order and judgment striking appellant's third amended counterclaim and petition from the files must be affirmed or reversed.

Much could be said on questions raised, to which the parties devote much time and attention in their briefs, relating to whether the trial court correctly determined its previous order sustaining Ware's motion to make more definite and certain and to strike Popp's second amended counterclaim and petition was *res judicata* and that the alleged cause of action set forth in his third amended counterclaim and petition was barred by the statute of limitations. Be that as it may, we have determined that it is neither necessary nor required that we here review arguments or attempt to distinguish decisions relied on by the parties in support of their respective positions regarding the status of the conclusions reached by the trial court on those subjects in order to dispose of the all decisive issue involved. For that reason, confronted by a record which leaves much to be desired from the standpoint of their proper disposition, we are not disposed to deal with, or pass upon, questions raised by the parties with respect to such subjects. Therefore we shall assume, but not decide, that the reasons given by the trial court for its action in sustaining the motion to strike the third

amended counterclaim and petition were incorrect. Even so it does not follow the court committed reversible error in sustaining such motion.

This court has long been committed to the rule that a ruling, order, or judgment which is correct in result will not be disturbed on appeal even though the reasons given by the trial court for its rendition are erroneous. Stated differently, if a ruling, order, or judgment is correct in result, the giving of a bad reason by the trial court for its rendition does not affect the result or afford sound ground for the reversal of such ruling, order, or judgment. (See West's Kansas Digest, Appeal & Error, § 845[2]; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, § 433.)

Thus we come to the question whether the trial court's action was correct in result for reasons other than those stated at the time of its ruling on the motion to strike the third amended counterclaim and petition from the files. Having examined the record we have come to the conclusion the cold hard facts are that under the indisputable facts and circumstances there found, which we have heretofore meticulously related at length in order that there may be no misunderstanding regarding them, it is clear such record discloses two sound grounds which warrant the trial court's action in sustaining the motion to strike such pleading from the files. The first is that appellant failed to obtain leave to file such amended pleading out of time, hence it was properly stricken. The second is it is clear for all practical purposes that, from the standpoint of stating a cause of action for wrongful attachment, the allegations of such amended pleading were repetitious and no different in substance than those to be found in his second amended counterclaim and petition, to which the trial court had previously sustained the heretofore mentioned motion to strike and make more definite and certain; the ruling on that motion, it may be added, had become final by reason of dismissal of the appeal therefrom in this court prior to the sustaining of the motion to strike the third amended counterclaim and petition from the files.

For a recent decision of this court that an amended pleading may be striken from the files for the reason it is substantially repetitious of a former pleading see *Fidelity Hail Ins. Co. v. Anderson*, 172 Kan. 253, 239 P. 2d 830, where it is held:

"Where a demurrer has been sustained to a petition on the ground it fails to state a cause of action and the plaintiff files an amended petition containing

allegations so similar they substantially repeat what was set forth in the original pleading a trial court does not commit error in sustaining a motion to strike the amended pleading from the files." ( Syl. )

And see pages 254 and 255 of the opinion, for statements from legal treatises and decisions from foreign jurisdictions, recognizing that the rule therein announced has application where a former motion to strike or dismiss has been sustained.

For a more recent decision of like import, where *Fidelity Hail Ins. Co. v. Anderson*, supra, is cited with approval and the syllabus quoted at length, see *Farran v. Peterson*, 181 Kan. 145, 150, 309 P. 2d 677.

In conclusion it should perhaps be stated it cannot be here successfully argued the question, whether the previous ruling on the prior motion to the second amended pleading made repetition a ground for sustaining of the motion to strike the third amended counterclaim and petition, was not properly before the trial court by reason of the motion to strike the pleading now under consideration. Inherent, in a claim of *res judicata*, present in the motion to strike and relied on by the trial court in ruling thereon, is the proposition that the same question had previously been ruled on and decided under conditions and circumstances so similar in character that they could not be litigated again between the same parties.

In the face of the record presented, and based on what has been heretofore stated and held, we are constrained to hold, that under the existing facts and circumstances, the ruling, order, and judgment of the trial court in sustaining the motion to strike the third amended counterclaim and petition from the files was correct in result, even though it be assumed the reasons given for its action were incorrect, and hence cannot be disturbed.

The judgment is affirmed.