No. 41,781

KENNETH P. ROCKHILL, Administrator of the Estate of Albert W. C. Timm, a/k/a Albert Timm, Deceased, *Appellee*, v. NICK J. TOMASIC, *Appellant*.

(352 P. 2d 444)

*H. E. Jones,* of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, Wm. P. Thompson, Jerome E. Jones, Robert J. Roth,* and *William R. Smith,* all of Wichita, were with him on the briefs for appellant.

*George Forbes,* of Eureka, argued the cause, and *Fred W. Aley, Robert B. Morton, John Jay Darrah, Phillip S. Mellor,* and *Paul M. Buchanan,* all of Wichita, and *Thos. C. Forbes* and *Harold G. Forbes,* of Eureka, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This action was commenced by the plaintiff as administrator of the estate of Albert W. C. Timm, deceased, against Nick J. Tomasic for damages to an automobile, loss of wages, and personal injuries to the decedent, accruing from October 7, 1957, the date of the accident, to November 27, 1957, the date of death. A motion to strike an affirmative defense pleaded in the amended answer was sustained on August 31, 1959, without leave to amend. Hence, this appeal.

General reference is made to the pleadings of the parties and only those pertinent to this appeal will be summarized or quoted. The plaintiff alleged in his petition that on October 7, 1957, a collision occurred between a Chevrolet pick-up truck driven by the decedent and a 1955 Mercury driven by the defendant on U. S. Highway No. 54 in Greenwood County, by reason of the defendant

driving his Mercury on to the wrong side of the road at an excessive rate of speed, and other acts of negligence were alleged; that the decedent suffered damages to his truck, suffered severe personal injuries and loss of wages, which damages survived to the administrator of his estate pursuant to G. S. 1949, 60-3201.

In his answer the defendant denied negligence on his part and alleged contributory negligence on the part of the decedent. Further answering, the defendant alleged as a separate and affirmative defense, the following:

"4. Further answering this defendant alleges that the plaintiff has previously instituted suit in the District Court of Greenwood County, Kansas, numbered 19,807, which said case was removed upon the petition of this defendant in the United States District Court for the District of Kansas, and there given Civil Action No. 1508. At that time plaintiff in this action was being represented by the firm of Forbes & Forbes and the firm of Aley, Morton & Darrah, who appear as attorneys of record in this case also.

"Prior to the institution of the above mentioned suit, a suit had been instituted by Opal Timm as the surviving spouse of Albert C. Timm, against this same defendant in the Court of Greenwood County, Kansas, bearing Case No. 19,791, which said case was removed to the United States District Court for the District of Kansas, on the petition of this defendant and there given Civil Action W-1467. Said Opal Timm at said time and during the course of said proceedings was also represented by the firm of Forbes & Forbes and Aley, Morton & Darrah. Motion to consolidate both cases was filed by this defendant in said United States District Court for the District of Kansas, but before said motions could be heard the plaintiff in this action dismissed the above numbered case, and thereby plaintiffs in said action and their attorneys elected which action they were to pursue and there estopped to reassert said action.

"The action of *Opal Timm v. Nick J. Tomasic* in the case above referred to in the United States District Court for the District of Kansas proceeded to trial upon the issues there drawn, included the allegations that Nick J. Tomasic was not negligent in any respect, and after trial to a jury on December 15 and 16, jury returned a general verdict against the plaintiff and for the defendant, Nick J. Tomasic, finding generally for said defendant upon the issues drawn and without answering any special questions.

"This defendant, therefore, asserts that the party plaintiff in this action and in the action of *Opal Timm v. Nick J. Tomasic*, above referred to, are of equal quality in that their action rests solely upon the conduct of Albert C. Timm in each case and that, therefore, would have been a determination after trial, that said determination of the conduct existing by the said Albert C. Timm and this defendant has been determined, and that the defendant should have judgment herein."

The plaintiff filed a motion to strike paragraph 4 upon the ground that it did not constitute a defense to the cause of action alleged, which motion was sustained on March 23, 1959, and the defendant

was granted leave to amend. Subsequently the defendant filed an amended answer in which he renewed the denial of negligence on his part, realleged contributory negligence on the part of the decedent, and alleged a new paragraph 4 as follows:

"4. Further answering this defendant alleges that prior to the appointment of plaintiff Kenneth P. Rockhill as administrator of the Estate of Albert W. C. Timm, the surviving spouse of Albert W. C. Timm, Opal Timm, commenced an action in the District Court of Greenwood County, Kansas, for the benefit of herself and the two children of Albert W. C. Timm pursuant to G. S. of Kansas, 1949, Section 60-3204, against this same defendant. Said action was removed to the United States District Court for the District of Kansas and there given Case Number W-1467. Trial was had in said case on the issues drawn and a general verdict rendered by the jury on December 16, 1958, without any special questions being submitted. The said Albert W. C. Timm for whose death said above mentioned action was tried and the Albert W. C. Timm for whom plaintiff herein is administrator were one and the same person, and by reason of said trial and judgment plaintiff herein is barred and estopped from maintaining this action."

The plaintiff filed a motion to strike paragraph 4 from the amended answer upon the same ground, which was sustained by the district court on August 31, 1959, without leave to amend.

During the pendency of this appeal, the plaintiff filed a motion to dismiss it upon the ground that it was not perfected within the time prescribed by G. S. 1949, 60-3309.

The instant appeal was taken from the order of August 31, 1959, striking the alleged affirmative defense from the amended answer, which was more than two months after the order of March 23, 1959, striking the same purported affirmative defense from the original answer. No appeal was taken from the earlier order; consequently, the merits of that order are not before us for appellate review (*Nicholas v. Latham*, 179 Kan. 348, 295 P. 2d 631; *Pennington v. Kansas Turnpike Authority*, 180 Kan. 638, 639, 305 P. 2d 849; *Anderson Cattle Co. v. Kansas Turnpike Authority*, 180 Kan. 749, 308 P. 2d 172; *Dryden v. Rogers*, 181 Kan. 154, 156, 309 P. 2d 409; *Neuvert v. Woodman*, 185 Kan. 373, 378, 343 P. 2d 206; *Little v. Butner*, 186 Kan. 75, 78, 348 P. 2d 1022).

It is the rule in this jurisdiction that the time for taking an appeal from an order striking allegations involving the merits of a cause of action or defense cannot be extended by alleging the same cause of action or defense in a subsequent pleading and taking an appeal from a second order striking such cause of action or defense (*Gas Service Co. v. Consolidated Gas Utilities Corp.*, 150 Kan. 715, 717, 96 P. 2d 608; *Miller v. Sunflower Recreation Society*, 151 Kan.

930, 101 P. 2d 891; *Sowers v. Wells*, 152 Kan. 122, 102 P. 2d 980; *Hendricks v. Wichita Federal Savings & Loan Ass'n*, 156 Kan. 124, 126, 131 P. 2d 889; *Sanik v. Shryock Realty Co.*, 156 Kan. 641, 645, 135 P. 2d 545). See, also, 71 C. J. S. Pleading, § 445h, pp. 920, 921. Further, that motions to strike rest in the sound judicial discretion of the district court, and that to be appealable, an order sustaining a motion to strike must constitute a final order, and, to constitute a final order it must affect a substantial right and in effect determine all or a part of the suit or, in the case of an answer, deprive the defendant of a meritorious defense which, if supported by evidence, would defeat the plaintiff's cause of action, or a part thereof (*Billups v. American Surety Co.*, 170 Kan. 666, 670, 671, 228 P. 2d 731; *Sheahan v. Kansas Power & Light Co.*, 172 Kan. 399, 241 P. 2d 515; *Western Shale Products Co., v. City of Fort Scott*, 175 Kan. 643, 653, 655, 266 P. 2d 327; *Johnson v. Killion*, 179 Kan. 571, 297 P. 2d 177; *Boettcher v. Criscione*, 180 Kan. 39, 299 P. 2d 806; *Farran v. Peterson*, 181 Kan. 145, 149, 309 P. 2d 677; *Streebin v. Capitol Truck Lines*, 182 Kan. 527, 530, 322 P. 2d 776). Similarly, for the purpose of a decision on a motion to strike an affirmative defense pleaded in an answer as insufficient in law, well pleaded allegations will be taken as true (*Smith v. Jones*, 145 Kan. 892, 67 P. 2d 506; *White v. Thompson*, 181 Kan. 485, 312 P. 2d 612, and cases cited therein at p. 488).

These rules of law are not questioned by the defendant.

Therefore, the following questions are presented: Was the order of March 23, 1959, a final order within the meaning of G. S. 1949, 60-3302 and 60-3303 so as to be appealable? And if so, did amended paragraph 4, made by leave of the district court, allege additional substantial, material facts which would affect the result as against a motion to strike or demurrer?

The defendant attempts to circumvent the effect of his failure to appeal from the first order by stating in his brief that it was appealable only if it was a final order, and contends it was not a final order because two defenses were pleaded in the original answer: *res judicata* and estoppel by judgment; that there is a distinction between a cause of action and issue, and *res judicata* and estoppel by judgment; that the amended answer did not contain a defense of *res judicata* but expanded the allegations of estoppel by judgment which were pleaded differently in the amended answer. Further, that the order was not final because leave was

granted to amend within the prescribed time, and cites and relies upon *Harris v. City of Topeka*, 180 Kan. 758, 308 P. 2d 88.

We shall first discuss whether the order of March 23, 1959, was a final order within the meaning of G. S. 1949, 60-3302 and 60-3303, so as to be appealable. In view of the rule heretofore stated, we think the order striking the affirmative defense pleaded in paragraph 4 of the original answer affected a substantial right of the defendant and the effect of it was to deprive the defendant of one of his theories of defense based upon *res judicata* and estoppel by judgment which, if valid, would have been a complete defense to the plaintiff's action, and hence, was a final order having the same effect as a demurrer, and was appealable (*White v. Thompson*, supra; *Miller v. Whistler*, 153 Kan. 329, 110 P. 2d 744; *In re Estate of Reed*, 157 Kan. 602, 606, 142 P. 2d 824; *Atkinson v. Sowersby*, 165 Kan. 678, 683, 198 P. 2d 158; *Western Shales Products Co. v. City of Fort Scott*, supra; *Streebin v. Capitol Truck Lines*, supra; *Fidelity Hail Ins. Co. v. Anderson*, 172 Kan. 253, 239 P. 2d 830; *Farran v. Peterson*, supra, p. 150; *Rine Drilling Co. v. Popp*, 184 Kan. 13, 19, 20, 334 P. 2d 426).

While the order sustaining the first motion to strike was a "final order," it was not such a final judgment or order as to deprive the district court of authority to permit the filing of an amended pleading pursuant to G. S. 1949, 60-759 within the same term of court or even at a subsequent term (*Harmon v. James*, 146 Kan. 205, 69 P. 2d 690; *In re Estate of Reed*, supra, p. 606; *Waddell v. Woods*, 160 Kan. 481, 484, 163 P. 2d 348). However, we think the amended answer alleged precisely the same purported affirmative defense as that stricken from the original answer, only *less* perfectly. Not only did the amended answer not contain any additonal, substantial, material facts, but it omitted the first two paragraphs contained in the original answer. Both answers described and identified the widow's action and alleged that, by reason of a trial and verdict rendered upon the issues drawn in that action, the plaintiff was barred and estopped from maintaining the instant action. The only effect of the amended answer was an attempt to replead allegations and assert a defense which previously had been considered and ruled upon by the district court in its order of March 23, 1959. The amended answer and the second motion to strike presented no new questions of law not previously ruled upon. Consequently,

the district court did not err in sustaining the second motion to strike.

The time permitted for perfecting an appeal from the order of March 23, 1959, expired May 23, 1959 (G. S. 1949, 60-3309; *Allbritten v. National Acceptance Co.*, 183 Kan. 5, 325 P. 2d 40), and could not be extended by the defendant merely repleading essentially the same facts, differing in form only, raising precisely the same issue of law previously ruled upon by the district court. Having elected to replead the same essential facts as those passed upon in the first motion to strike, the only appealable order was the one made on March 23, 1959, and the time to appeal had long expired when the instant appeal was attempted to be perfected.

We have examined the authorities cited by the defendant and particularly *Boettcher v. Criscione*, supra, and *Harris v. City of Topeka*, supra, and without an extended review, suffice it to say we think neither supports the contention of the defendant.

A careful examination of the record requires the dismissal of this appeal upon the ground that it was not timely perfected pursuant to G. S. 1949, 60-3309.

It is so ordered.

Opinion filed May 14, 1960.